# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                       Case #11-20129

v                                     Hon. Robert H. Cleland

SCOTT WILLIAM SUTHERLAND, et. al.
      Defendants,

UNITED STATES OF AMERICA,

      Plaintiff,

                                       Case #11-20066

v                                     Hon. Robert H. Cleland

JEFF GARVIN SMITH, et. al.
      Defendants.

_____/

## MOTION FOR EXTENSION OF MOTION FILING DEADLINE AND ADJOURNMENT OF APRIL 15, 2014 TRIAL DATE

**NOW COME** Defendants, JEFF GARVIN SMITH and PAUL DARRAH, by and through their attorneys, JEROME SABBOTA and PATRICIA A. MACERONI, and in support of their Motion for Extension of Motion Filing Deadline and Adjournment of April 15, 2014 Trial Date, state:

    1.  That both Mr. Smith and Mr. Darrah have been charged in the above two indictments. In _U.S. v Sutherland_, 41 individuals are charged with a variety of criminal offenses, including a violation of 18 U.S.C. § 1962 (d), Racketeer Influenced Corrupt Organization (RICO) Conspiracy, which alleges that the named individuals were members of the Devils Diciples

Motorcycle Club (DDMC) and that the DDMC was a criminal organization.  The Indictment contains 39 Counts of alleged criminal acts, including drug manufacturing and distribution, gambling and firearms violations.  In *U.S. v Smith*, 11 individuals, including Mr. Smith and Mr. Darrah,  are charged in a six-count Indictment with Conspiracy to Suborn Perjury and Obstruct Justice, Obstruction of Justice and Drug Distribution.

2.  That on or about February 14, 2013, the Government filed a Motion requesting that the cases be designated "Complex Cases" due to the length of time that the alleged criminal activity occurred, the number of individuals named and the sheer amount of discovery and investigative material that had to be reviewed.  On February 21, 2013, this Honorable Court granted the Government's Motion and designated the cases complex pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).  Currently, the Court has ordered that all pre-trial motions be filed by February 28, 2014, and the first trial (Group One) is to begin on April 15, 2014.  Both Mr. Smith and Mr. Darrah are in Group One.

3.  That the discovery provided by the Government to date has consisted of approximately 27,000 pages of documents and over 14,623 audio/wiretaps.  The Government operated Title III wiretaps for over six months.  The discovery was sent out in seven mailings to the defense attorneys.  The first set of discovery materials was sent out on December 21, 2012, and the last set of discovery materials was mailed out on November 15, 2013.  All discovery provided is covered by a Protective Order, which forbids defense counsel from printing off the documents and making copies of the audio/wiretaps for the clients to review.  None of the discovery materials can be left with the clients.

4.   In order to comply with the mandates of the Protective Order, all of the defendants who are incarcerated and several out of state defendants have been supplied with IPADS.  All of the discovery, the 27,000 pages of documents and 14,623 audio and phone calls, have been loaded onto the IPAD devices.  Each county jail has agreed to a specific protocol which allows the incarcerated clients to review the discovery materials loaded onto the IPADs.  For example, Mr. Darrah, who is incarcerated at the Wayne County Jail, is allowed to review the materials stored on the IPAD on Monday through Friday, from 8:00 a.m. to 10:00 a.m.  Each county jail, as well as FDC Milan, has a different protocol as to when a defendant may access the IPAD and review discovery materials.  When not in use, the IPADS are secured in a location that is not accessible to the incarcerated defendant.

5.   The incarcerated clients received the IPAD devices either in late October or early November of 2013.  Several problems with the IPAD devices and the mandates of the Protective Order have significantly impacted the ability of the incarcerated clients to review the discovery materials on the IPADs.  These problems include, but are not limited to the following facts:

A.   The jail protocols setting the schedules for the IPAD usage are often not followed, due to staffing concerns.  If a jail officer is not available to supervise the review session, then the incarcerated client is not able to review the discovery.  Especially in November and December, when many corrections officers took time off for the holidays, the lack of staff significantly limited the days and times that Mr. Darrah, specifically, was able to review discovery materials.  Additionally, Mr. Darrah has a variety of medical issues which require consistent monitoring, and if he is receiving medical care or treatment at 8:00 a.m. when he is scheduled to access the IPAD, then he loses his review period for that day.  There are no make-

3

up sessions allowed.

B.  Many of the incarcerated clients, as well as the defense attorneys, are not familiar with how to operate an IPAD.  Several of the incarcerated clients have very little education.  Many have abused drugs for years, which further hampers their ability to operate the IPAD.

C.  Until just recently, many of the jails, including Wayne County, did not allow the incarcerated clients to have the IPAD devices during an attorney/client visit.  By denying access to the IPAD during an attorney visit, very little information could be reviewed or discussed.  Further, any operational issues that the client had with the IPAD could not be communicated effectively to the attorney, if the device could not be accessed.

D.  Additionally, at least three of the IPAD devices crashed, necessitating that the devices be mailed back to Ms. Emma Greenwood, fixed or replaced, the discovery reloaded, and then the IPADs mailed back.  For example, Mr. Smith had to send his IPAD back in December of 2013, and as of February 1, 2014, the device had not yet been mailed back.  Mr. Smith is incarcerated at the Sanilac County Jail.

6.  That as a result of the above problems, Defense Counsel has requested and the Government has agreed to have the Court appoint Michael Naughton, a local attorney exceptionally knowledgeable about computers, IPADs and all things electronic.  While the specific details are yet to be placed into an Order, Mr. Naughton will be allowed to consult with the incarcerated defendants and instruct them on the proper way to access the information stored on the IPADs and  mark the documents and materials so that they can be retrieved for consultation.

7.   The addition of Mr. Naughton to the defense team will greatly assist in the retrieval

and review of the discovery materials from the IPADs.  However, given the problems and set

backs experienced to date, the necessary review of all of the documents and consultation with

defense counsel which is necessary to file the appropriate pre-trial motions cannot be completed

in order to file all pre-trial motions by February 28, 2014.  Nor, based on the amount of discovery

material that must be reviewed and understood, will Mr. Darrah or Mr. Smith be ready for trial

on April 15, 2014.  Respectfully, both Mr. Smith and Mr. Darrah request that the motion

deadline be extended 90 days, until July 28, 2014 and that the trial be re-scheduled for

September 30, 2104.  For scheduling purposes, those dates are agreeable to all Defense Counsel

representing clients in Group One.

8.   That pursuant to local court rule, Defense Counsel contacted the Government and

requested concurrence in this motion.  The Government concurs and does not object to the

requested adjournments.

9.   That Defendants rely on the attached memorandum in further support of their motion

for an extension of the motion filing deadline and adjournment of the April 15, 2014 trial date.

Respectfully Submitted,


s/Jerome Sabbota                              s/Patricia A. Maceroni
Jerome Sabbota (P25892)                       Patricia A. Maceroni (P44124)
Attorney for Jeff Garvin Smith                Attorney for Paul Darrah
Ribitwer & Sabbota, LLP                       26611 Woodward Ave.
26862 Woodward Ave #200                        Huntington Woods, MI 48070
Royal Oak, MI 48067                           (248) 541-5200
(248) 543-8000                                Pattymac63@hotmail.com
Ribitwersabbota@hotmail.com

5

s/Sidney Kraizman
Sidney Kraizman (P16199)
Attorney for Patrick McKeoun
615 Griswold St., Suite 1616
Detroit, MI 48226
sidkraizman@sbcglobal.net
(313) 961-7078

s/Mark Satawa
Mark Satawa (P47021)
Attorney for Cary Dale Vandiver
3000 Town Center Ste. 1800
Southfield, MI 48075
mark@kirschandsatawa.com
(248) 356-8320

s/Robert Morgan
Robert Morgan (P23144)
Attorney for Michael Kenneth Rich
615 Griswold St., Suite 1125
Detroit, MI 48226
(313) 961-7070
morgancrdefense@ameritech.net

s/Nicholas Vendittelli
Nicholas Vendittelli (P30770)
Attorney for Edward Taylor
6053 Chase Road
Dearborn, MI 48126
(313 0565-2400
njvendi@comcast.net

6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Case #11-20129
v                                    Hon. Robert H. Cleland

SCOTT WILLIAM SUTHERLAND, et. al.
      Defendants,

---

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case #11-20066
v                                    Hon. Robert H. Cleland

JEFF GARVIN SMITH, et. al.
      Defendants.

_____/

**MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR A**
**CONTINUANCE**

The scheduling of federal criminal trials is tightly controlled by the Speedy Trial Act, 18 U.S.C. § 3161. The statutory scheme specifies the time period from indictment to trial and the allowable periods of delay between the two dates. The Act mandates that the trial court must determine that before any continuance is granted, the ends of justice, served by the granting of the continuance, outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(7)(A).

In determining whether to grant a continuance, the trial court must look at certain factors

enumerated in the statute.  Congress has mandated that the trial court must determine whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits established.  A continuance should be granted if the failure to grant a continuance would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.  Finally, a continuance should be granted if the failure to do so would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(B)(I-iv).

Clearly, the instant prosecutions are complex.  The Court ruled that the cases were complex at the Government's request.  The discovery provided to date contains approximately 27,000 pages of documents and 14,623 audio/phone call files, based on six months of Title III monitoring.  All discovery is covered by a Protective Order, which does not allow the dissemination of the materials to the clients to review, unless the attorney is present.  In order to comply with the Protective Order, the discovery materials have been loaded onto IPADS and provided to the incarcerated and out of state defendants.

The IPADS were provided to the incarcerated clients in late October/early November of 2013.  However, the review of the enormous amount of discovery has been problematic.  Each facility has a different protocol for allowing the review of the discovery documents on the IPAD.  If jail personnel are not available to monitor the review sessions, then access is denied to the client.  The majority of the incarcerated clients have no working knowledge of an IPAD.  Many of the attorneys have no working knowledge of an IPAD's mechanics. Finally, three of the devices crashed and had to be mailed back to New York City for replacement.

Granting continuances under the Speedy Trial Act so that counsel can adequately prepare

8

has been found excusable delay in many different cases.  See *U.S. v Davenport*, 935 F.2d 1223

(11th Cir 1991; (period between co-defendant's motion for continuance and end of continuances

that had been granted based on defense counsel's need for reasonable time necessary for adequate

preparation was excluded from defendant's speedy trial clock); *U.S. v Lattany*, 982 F.2d 866

(Third Cir 1992); (six week continuance granted to give appointed defense counsel adequate time

to prepare for trial was excusable from statutory speedy trial period); *U.S. v Torres-Rodriguiz*,

930 F.2d 1375 (Ninth Cir 1991), (trial court's denial of defendant's motion to continue violated

Speedy Trial Act, where denial of continuance deprived defendant of opportunity to prepare or

respond to new allegations and superseding indictment.)

In the instant case, this Honorable Court has ruled that the Government's case is complex.

That fact alone has repeatedly been upheld by the appellate courts as justifying continuances

pursuant to 18 U.S.C. Sect. 3161(h)(8)(A).   The Sixth Circuit Court of Appeals in *U.S. v*

*Stewart*, 628 F.3d 246 (2010) found that the district court's continuance of the trial date was

entirely appropriate under the Speedy Trial Act's "ends of justice" analysis.  In *Stewart*, the

defendant was charged in a multi-count indictment, including a conspiracy count.  The number of

co-defendants, the different overt acts that were charged to establish the conspiracy as well as the

amount of discovery that had to be reviewed in order to prepare all possible defenses, were all

factors found to be excusable delay under the Speedy Trial Act.  628 F.3d at 254.  See also *U.S. v*

*Chalkias*, 971 F.2d 1206 (6th Cir 1992) *cert denied* 110 S. Ct. 324,  (complexity of the case, fact

that numerous defendants and counts were involved and prior delay in pretrial discovery

warranted continuance and an "ends of justice" exclusion for the delay caused by the

continuance.)

9

Based on the above, and consistent with Sixth Circuit precedent, Defendants respectfully request that this Honorable Court grant an extension of the current scheduling order and an adjournment of the April 15, 2014 trial date.  The Government has supplied Defense Counsel with 27,000 pages of documents and 14, 623 files of audio/phone calls-which must be reviewed by the incarcerated clients on an IPAD.  The IPADS were provided to the clients three months ago.  The different jail protocols in accessing and reviewing the information on the IPADs, the lack of familiarity with the IPADs for both the clients and attorneys as well as technical glitches which have led to at least three devices crashing, have all hampered the necessary review and consultation necessary to prepare pre-trial motions as well as trial defenses.  The Government concurs in the requested adjournment.   Defendants respectfully request that this Honorable Court grant the motion and order that all pre-trial motions for those in Group One be due on or before July 28, 2014.  Further, that the trial be re-scheduled to September 30, 2014.  For scheduling purposes only, those dates are agreeable to all Defendants in Group One, as well as the Government.

Respectfully Submitted,


s/Jerome Sabbota
Jerome Sabbota (P25892)
Attorney for Defendant Jeff Garvin Smith
Ribitwer & Sabbota, LLP
26862 Woodward Ave #200
Royal Oak, MI 48067
(248) 543-8000
Ribitwersabbota@hotmail.com

s/Patricia A. Maceroni
Patricia A. Maceroni (P44124)
Attorney for Defendant Paul Darrah
26611 Woodward Ave.
Huntington Woods, MI 48070
(248) 541-5200
Pattymac63@hotmail.com

10

s/Sidney Kraizman
Sidney Kraizman (P16199)
Attorney for Patrick McKeoun
615 Griswold St., Suite 1616
Detroit, MI 48226
sidkraizman@sbcglobal.net
(313) 961-7078

s/Mark Satawa
Mark Satawa (P47021)
Attorney for Cary Dale Vandiver
3000 Town Center Ste. 1800
Southfield, MI 48075
mark@kirschandsatawa.com
(248) 356-8320

s/Robert Morgan
Robert Morgan (P23144)
Attorney for Michael Kenneth Rich
615 Griswold St., Suite 1125
Detroit, MI 48226
(313) 961-7070
morgancrdefense@ameritech.net

s/Nicholas Vendittelli
Nicholas Vendittelli (P30770)
Attorney for Edward Taylor
6053 Chase Road
Dearborn, MI 48126
(313 0565-2400
**njvendi@comcast.net**

### Certificate of Electronic Service

Now comes the undersigned and hereby states and affirms that on the 7th Day of February, 2014, she did file a copy of the foregoing Motion and Memorandum in Support with the Clerk of the Court using the ECF service which shall serve a copy of the foregoing on all counsel of record.

s/Patricia A. Maceroni
Patricia A. Maceroni (P44124)
Attorney for Paul Darrah

DATE: February 7, 2014