UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

                                                    Case No. 11-20129

                        *Plaintiff*,

                                                    HON.  ROBERT H. CLELAND

            v.

D-1   SCOTT WILLIAM SUTHERLAND
            a/k/a "Scotty Z"

                        *Defendant*.
_____/

### **GOVERNMENT'S RESPONSE AND BRIEF OPPOSING MOTION FOR GOVERNMENT AGENTS AND LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND FOR PRODUCTION BEFORE TRIAL**

NOW COMES the United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, and hereby responds to SUTHERLAND's Motion For Government Agents and Law Enforcement Officers to Retain Rough Notes and for Production Before Trial (R. 752), as follows:

1.      SUTHERLAND was charged in a single-count Indictment, Criminal No. 11-20129, on March 10, 2011, with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R.3: Indictment.)  He was charged in a First Superseding Indictment on May 5, 2011, in Count 1: Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R.14: First Superseding Indictment.)  He appeared before this Court on October 4, 2011, and entered a plea of guilty to Count 1 of the First Superseding Indictment.  (R.25: Plea Agreement.)

2.      SUTHERLAND was charged in a Third Superseding Indictment on June 13, 2012, in Count 1: Racketeer Influenced Corrupt Organizations – Conspiracy, in violation of 18 U.S.C. §1962(d), and Count 3: Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (R.72: Third Superseding Indictment.)

3.      SUTHERLAND moves for a Court order, pursuant to the Jencks Act, 18 U.S.C. § 3500, compelling government agents to "retain and preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets, and then produce them before trial."  (R. 752 at 9.)

2

4.     SUTHERLAND's motion is without merit.  His request for a preservation order should be denied as moot.  Prior to the date of filing this motion, the government instructed the case agent to remind all agents to maintain copies of rough notes of interviews, to the extent that such notes exist, and to direct other law enforcement personnel to preserve existing notes once they are identified as putative trial witnesses, or once additional rough notes have been identified. Moreover, SUTHERLAND's request for court-ordered production of these materials before trial should be denied because (1) under the plain language of the Jencks Act and relevant Sixth Circuit precedent, the Court cannot compel production of Jencks material prior to trial, and (2) SUTHERLAND has made no showing, at this point, that a government witness in this case has adopted any rough notes of interviews, or that any rough notes otherwise qualify as Jencks statements.

5.     Twenty-three defendants joined this motion by SUTHERLAND by filing notices of joinder, including Defendants RONALD ROBERTS (R. 775, 793), PATRICK MCKEOUN (R. 775), JEFF SMITH (R.793), PAUL DARRAH (R. 793), CARY VANDIVER (R. 793), VINCENT WITORT (R. 793), MICHAEL MASTROMATTEO (R. 778), VERNON RICH (R. 778), JOHN RIEDE (R. 775), VICTOR CASTANO (R. 793), GARY NELSON (R. 793), TIMOTHY DOWNS

(R. 775), DAVID DROZDOWSKI (R. 793), SMILEY VILLA (R. 811), DEAN
JAKIEL (R. 778), TONY KITCHENS (R. 834), SYLVESTER WESAW (R. 811),
SCOTT PERKINS (R. 811), CLIFFORD RHODES (R. 811), CHRISTOPHER
COOK (R. 811), JASON COOK (R. 811), SALVATORE BATTAGLIA (R. 776,
811), and WAYNE WERTH (R. 811). These notices do not contain any additional
facts or argument. The government's instant response addresses the issues raised
by SUTHERLAND and applies to all joined defendants to the extent applicable.
Should any of these defendants later raise additional facts or arguments in support
of their joinders, the government asks for a reasonable opportunity to respond at
that time.

6.     The government respectfully submits that a hearing is not necessary
on this motion. There are no novel legal or factual issues, no witnesses would be
expected to testify at a hearing regarding any facts contained in this motion, and a
hearing likely would not aid the Court in reaching its decision.

7.     Accordingly, SUTHERLAND's motion should be denied.

4

<u>**BRIEF IN SUPPORT**</u>

**I.    THE COURT SHOULD DENY SUTHERLAND'S MOTION FOR ROUGH NOTES BECAUSE SUTHERLAND'S REQUESTS ARE PREMATURE AND HE FAILS TO MAKE A PROPER SHOWING UNDER THE JENCKS ACT**

SUTHERLAND's motion asks the Court to order government agents, pursuant to the Jencks Act, 18 U.S.C. § 3500, to "retain and preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets, and then produce them before trial." (R. 752 at 7, 9.)[1]  This motion is without merit.

SUTHERLAND's request for a preservation order should be denied as moot. Prior to the date of filing this motion, the government instructed the case agent to remind all agents to maintain copies of rough notes of interviews, to the extent that such notes exist, and to direct other law enforcement personnel to preserve existing notes once they are identified as putative trial witnesses, or once additional rough notes have been identified.[2]  Moreover, SUTHERLAND's request for court-ordered production of these materials before trial should be denied because (1)

---

[1]    Although the SUTHERLAND refers to "all rough notes, rough drafts, tape recordings, memoranda and worksheets" in the headings of his motion and brief (R. 752 at 7, 9), the substance of his brief addresses only rough notes of agents.

[2]    The Sixth Circuit "has held that routine destruction of interview notes after preparation of a full 302 Report did not violate either the Jencks Act, 18 U.S.C. § 3500 (1970), or case law such as *Brady v. Maryland*." *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977).

5

under the plain language of the Jencks Act and relevant Sixth Circuit precedent,

the Court cannot compel production of Jencks material prior to trial, and (2)

SUTHERLAND has made no showing, at this point, that a government witness in

this case has adopted any rough notes of interviews, or that any rough notes

otherwise qualify as Jencks statements.

The government is aware of its ongoing discovery obligations under the

Jencks Act,[3] as well as Rule 16 of the *Federal Rules of Criminal Procedure*, *Brady*

*v. Maryland*, 373 U.S. 667 (1985), *Giglio v. United States*, 405 U.S. 150 (1972),

and the standing and amended discovery orders of this Court, and the government

intends to fully comply with them.

Accordingly, the Court should deny SUTHERLAND's motion.

### A.   SUTHERLAND'S REQUEST FOR AGENTS' ROUGH NOTES IS PREMATURE BECAUSE THE COURT CANNOT COMPEL PRODUCTION "BEFORE TRIAL"

SUTHERLAND's request for production of agent's rough notes "before

trial" has no legal basis.  The Jencks Act, 18 U.S.C. § 3500, requires that witness

---

[3]   The government and counsel for defendant in Trial Group 1, including
SUTHERLAND, entered a discovery agreement (memorialized in a letter dated
June 28, 2014), in which the government agreed, among other matters, to provide
the bulk of Jencks materials no later than four weeks before trial.  Although the
Jencks Act does not require production of these materials before trial, 18 U.S.C. §
3500(a), the government agreed to early Jencks production as a courtesy, given the
complex nature of this case.

statements be produced for inspection only after the completion of direct examination of that witness at trial. *Id*. at § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.") Moreover, the Sixth Circuit has held that a district court does not possess the authority to order the government to disclose Jencks or impeachment material "before trial." *See United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988) (holding that the "the district court overstepped its authority when it ordered the government to disclose impeachment evidence before trial"); *see also United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982); *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980). Therefore, any court order compelling production at this time would be inappropriate.

### B.    SUTHERLAND FAILS TO MAKE A SHOWING THAT A GOVERNMENT WITNESS HAS ADOPTED ANY ROUGH NOTES OR THAT THE NOTES OTHERWISE QUALIFY AS STATEMENTS UNDER THE JENCKS ACT

SUTHERLAND's request for production of agents' rough notes is also premature because he has offered no evidence, at this point, that any rough notes are even subject to production under the Jencks Act. Indeed, it is the rare case in

7

which rough notes from interviews amount to a Jencks statement. The Jencks Act
states a very limited and exclusive definition of the class of "statements" that must
be produced. They are:

> (1) a written statement made by said witness and signed or otherwise
> adopted or approved by him; (2) a stenographic, mechanical,
> electrical, or other recording, or a transcription thereof, which is a
> substantially verbatim recital of an oral statement made by said
> witness and recorded contemporaneously with the making of such oral
> statement; or (3) a statement, however taken or recorded, or a
> transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).

The Jencks Act's major concern is with limiting defense access to
government materials. *Palermo v. United States*, 360 U.S. 343, 354 (1959); *United
States v. Nathan*, 816 F.2d 230, 236 (6th Cir. 1987) ("One purpose of the Jencks
Act is to prevent 'the undiscriminating production of agent's summaries of
interviews regardless of their character or completeness.'") (*quoting Palermo,* 360
U.S. at 350).

The key limitation is that only statements that represent the witness' own
words, either because they were written or adopted by him, or because they are
"substantially verbatim" transcripts, are to be produced. *See* 18 U.S.C. §
3500(e)(2). "[I]t was felt to be grossly unfair to allow the defense to use
statements to impeach a witness which could not fairly be seen to be the witness's

8

own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo,* 360 U.S. at 350; *see also Goldberg v. United States*, 425 U.S. 94, 127-28 (1976) (Powell, J., concurring) (because trial testimony rarely conforms precisely to what a witness has said earlier, it is unfair to question the witness regarding any earlier statement that is not unquestionably his).

Thus, rough notes of interviews rarely qualify as Jencks statements. To fall under subsection (e)(1), they must be adopted by the witness. *See United States v. Williams*, 962 F.2d 1218, 1224 (6th Cir. 1992) (holding that an agent's interview notes must be produced only when "notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation.") (*citing United States v. Arnold,* 890 F.2d 825, 829 (6th Cir. 1989), and *United States v. Nathan,* 816 F.2d 230, 236-37 (6th Cir. 1987)). "This requirement clearly is not met when the lawyer [or agent] does not read back, or the witness does not read, what the lawyer [or agent] has written." *Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976).

Rough notes of interviews also hardly ever qualify as "substantially verbatim" statements under subsection (e)(2). "Typical interview notes are selective – even episodic – and therefore fall outside of subsection (e)(2)." *Goldberg*, 425 U.S. at 126; *see United States v. Braggs*, 23 F.3d 1047, 1051 (6th

Cir. 1994) (holding there was no Jencks violation where government did not produce agent's rough notes recording incomplete information from a phone call with witness).[4]

Here, SUTHERLAND's fails to specify, at this point, how any rough notes qualify as Jencks statements.  Indeed, he makes only one conclusory statement in support of his request for production, speculating "that those notes may contain critical information not included in the formal reports of law enforcement." (R. 752 at 11.)  This would not be a sufficient basis for production under the Jencks Act even if the request came after the direct examination of the government witness.

_____

[4]       To the extent that SUTHERLAND requests typewritten reports prepared by agents, the government routinely produces such reports based on their rough notes from interviews and will continue to do so in accordance with its discovery obligations.  While it is the practice of the United States Attorney's Office in this district to produce such reports (known as Reports of Interview, ATF 3120's, FBI 302's, DEA 6's, and the like) to the defense before trial, as a courtesy, it must be recognized that this practice also is not required by the Jencks Act. 18 U.S.C. § 3500(a) (Jencks statements producible only after the completion of direct examination of witness at trial); *Nathan,* 816 F.2d 230, 236-37 (FBI 302 report of witness interview not producible as Jencks statement if not adopted by witness). Moreover, the government would have no obligation to produce rough notes if the produced typewritten report contains all of the same information.

10

## **CONCLUSION**

For all of the reasons stated above, SUTHERLAND's motion should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*S/Saima S. Mohsin*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/ Jerome M. Maiatico
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov
