UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        *Plaintiff*,

    v.

D-1    SCOTT WILLIAM SUTHERLAND
        a/k/a "Scotty Z"

        *Defendant*.
_____/

Case No. 11-20129

HON.  ROBERT H. CLELAND

### GOVERNMENT'S RESPONSE AND BRIEF OPPOSING MOTION FOR A WRITTEN PROFFER AND HEARING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS

NOW COMES the United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, and hereby responds to SUTHERLAND's Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements (R. 753), as follows:

    1.    SUTHERLAND was charged in a single-count Indictment, Criminal No. 11-20129, on March 10, 2011, with Felon in Possession of Firearms and

Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R.3: Indictment.)  He was charged in a First Superseding Indictment on May 5, 2011, in Count 1: Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R.14: First Superseding Indictment.)  He appeared before this Court on October 4, 2011, and entered a plea of guilty to Count 1 of the First Superseding Indictment. (R.25: Plea Agreement.)

    2.    SUTHERLAND was charged in a Third Superseding Indictment on June 13, 2012, in Count 1: Racketeer Influenced Corrupt Organizations (RICO) – Conspiracy, in violation of 18 U.S.C. §1962(d), and Count 3: Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (R.72: Third Superseding Indictment.)

    3.    The Third Superseding Indictment charges a total of 41 defendants in 38 counts, including the following conspiracy charges: Count 1: RICO Conspiracy, Count 2: Conspiracy to Conduct an Illegal Gambling Business, in violation of 18 U.S.C. §§ 371, 1955, Count 3: Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Controlled Substances, Count 6:  Conspiracy to Possess and Distribute Hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 846, Count 26: Conspiracy to Obstruct Justice by Witness Tampering, in violation of 18 U.S.C. § 1512(b)(3), (k).  (R. 72.)

4.     The government alleges that defendants were members and associates of the Devil's Diciples Motorcycle Club (DDMC), a violent racketeering enterprise. (R. 72 at pp. 3-50.) The government further alleges that one purpose of the DDMC enterprise was to:

> Protect the DDMC and its members from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by the DDMC, and obstructing justice through the making of false statements, committing perjury and subornation of perjury.

(R. 72 at pp. 10-11.)

5.     SUTHERLAND moves for a Court order compelling the government to file a written proffer setting forth the basis for admission of any co-conspirator statement and for the Court to hold a pretrial mini-hearing to determine the admissibility of any such statement. (R. 753 at 9.)

6.     SUTHERLAND's motion is without merit. The Sixth Circuit does not require a pretrial "mini-hearing," which is often criticized as "burdensome, time-consuming and uneconomic." Instead, the Court has discretion to conditionally admit coconspirator statements during trial, subject to a later demonstration of their admissibility. Given the complex nature of this case and number of coconspirators expected to testify, such a procedure would prevent significant pretrial delay and protect the safety these witnesses. Indeed, this case involves defendants who were members and associates of violent racketeering

enterprise and who are charged with, among other things, intimidating, threatening, and committing violent acts against prospective witnesses.

7. Twenty-three defendants joined this motion by SUTHERLAND by filing notices of joinder, including Defendants RONALD ROBERTS (R. 775, 794), PATRICK MCKEOUN (R. 775), JEFF SMITH (R.794), PAUL DARRAH (R. 794), CARY VANDIVER (R. 794), VINCENT WITORT (R. 794), MICHAEL MASTROMATTEO (R. 779), VERNON RICH (R. 779), JOHN RIEDE (R. 775), VICTOR CASTANO (R. 794), GARY NELSON (R. 794), TIMOTHY DOWNS (R. 775), DAVID DROZDOWSKI (R. 794), SMILEY VILLA (R. 811), DEAN JAKIEL (R. 779), TONY KITCHENS (R. 834), SYLVESTER WESAW (R. 811), SCOTT PERKINS (R. 811), CLIFFORD RHODES (R. 811), CHRISTOPHER COOK (R. 811), JASON COOK (R. 811), SALVATORE BATTAGLIA (R. 811), and WAYNE WERTH (R. 811). These notices do not contain any additional facts or argument. The government's instant response addresses the issues raised by SUTHERLAND and applies to all joined defendants to the extent applicable. Should any of these defendants later raise additional facts or arguments in support of their joinders, the government asks for a reasonable opportunity to respond at that time.

8. The government respectfully submits that a hearing is not necessary on this motion. There are no novel legal or factual issues, no witnesses would be

4

expected to testify at a hearing regarding any facts contained in this motion, and a hearing likely would not aid the Court in reaching its decision.

    9.    Accordingly, SUTHERLAND's motion should be denied.

# BRIEF IN SUPPORT

**I. THE COURT SHOULD DENY SUTHERLAND'S MOTION FOR A WRITTEN PROFFER AND PRE-TRIAL HEARING ON ADMISSIBILTY OF CO-CONSPIRATORS' STATEMENTS BECAUSE THE SIXTH CIRCUIT DOES NOT REQUIRE ITAND SUCH PROCEDURES WOULD CAUSE SIGNIFICANT PRETRIAL DELAY AND THREATEN WITNESS SAFETY**

SUTHERLAND seeks a pretrial determination on the admissibility of co-conspirator statements through a written proffer and pretrial "mini-hearing." Under governing law, SUTHERLAND's requests are unavailing and should be denied by this Court. The Sixth Circuit does not require such a pretrial hearing or determination. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) ("A trial judge must have considerable discretion in controlling the mode and order of proof at trial . . . ."). Instead, the Sixth Circuit has held that it remains "clearly within the district court's discretion under *Vinson* to decide to conditionally admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence." *United States v. Montgomery,* 358 Fed. Appx. 622, 626 (6th Cir 2009) (unpublished) (rejecting defendant's argument "that the district court should have ordered a pre-trial mini-hearing at which he could have presented evidence or required proof of the conspiracy and its connection to him before admitting the co-conspirator's statements"); *United States v. Robinson*, 390 F.3d 853, 867-68 (6th Cir. 2004).

6

Under Rule 801(d)(2)(E) of the *Federal Rules of Evidence*, an out-of-court statement offered for the truth of the matter asserted does not constitute hearsay if that statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy. To admit evidence as a co-conspirator's statement, the district court must conclude that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the statements during the course and in furtherance of the conspiracy. *See United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999) ("This three-part test is often referred to as an *Enright* finding.") (citing *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978)); *cf. Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

During trial, this Court should make its *Enright* finding on coconspirator statements conditionally, and then rule at the close of the government's case whether the government had established the necessary facts for admission of these statements. This method has been specifically endorsed by the Sixth Circuit. *Vinson*, 606 F.2d at 153 (606 F.2d 149, 152-53) (noting that each of the alternative methods "allow the government to present its proof while at the same time protect defendants from inadmissible hearsay evidence."); *see also Montgomery,* 358 Fed. Appx. at 626; *Robinson*, 390 F.3d at 867-68. Although a pretrial "mini-hearing" is another method to determine admissibility of coconspirator statements, it "has been

7

criticized as burdensome, time-consuming and uneconomic." *Vinson*, 606 F.2d 149 at 152.

SUTHERLAND's request for a pretrial "mini-hearing" would be "burdensome, time-consuming and uneconomic" for several reasons. First, as a threshold matter, the conspiracy in which any statements were in furtherance of is the charged RICO conspiracy, Count 1 of the Third Superseding Indictment, which incorporates the illegal gambling, drug, and obstruction of justice conspiracies. Thus, the government necessarily will meet its evidentiary requirements under Rule 801(d)(2)(E) and *Wilson* during its case-in-chief at trial. Indeed, given the anticipated length of the trial, nature of the charges, and number of coconspirators expected to testify, such a hearing would cause significant pretrial delay and force the parties to essentially hold a "mini-trial" before the trial actually begins.[1] Any pretrial hearing of this nature would be wholly duplicative of portions of the trial evidence, and do nothing more than afford the defense an additional opportunity to obtain discovery of the government's evidence and cross-examination of the same witnesses prior to trial. Nothing in the applicable rules or case law compels such a result.

---

[1] SUTHERLAND's instant motion for such a mini-hearing (along with the joinders of his co-defendants) is also at odds with his demand for a speedy trial. (*See* R. 763.)

In addition, a pretrial hearing would require the government to provide early disclosure of witness names, many of whom face significant safety concerns. Indeed, this case involves defendants who were members and associates a violent racketeering enterprise, Devil's Diciples Motorcycle Club, and who are charged with, among other things, intimidating, threatening, and committing violent acts against prospective witnesses. (*See, e.g.,* R. 72, Count One, Overt Acts at ¶¶ 7, 52, 71-72, 81-82, 84-87, 118, 184-85, Count Twenty-Six).

The Court can prevent significant pretrial delay and protect the safety these witnesses in this case by conditionally admitting coconspirator statements during trial, subject to a later demonstration of their admissibility, as outlined *Vinson*, 606 F.2d 149 at 152. Accordingly, SUTHERLAND's motion should be denied.

## CONCLUSION

For all of the reasons stated above, SUTHERLAND's motion should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*S/Saima S. Mohsin*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

>                     s/ Jerome M. Maiatico
>                     Trial Attorney
>                     U.S. Department of Justice
>                     1301 New York Avenue, N.W.
>                     Room 703
>                     Washington, D.C. 20530
>                     (202) 615-8125
>                     jerome.maiatico@usdoj.gov