UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Case No. 11-20129

*Plaintiff*,

        HON.  ROBERT H. CLELAND

v.

D-1    SCOTT WILLIAM SUTHERLAND
       a/k/a "Scotty Z"

*Defendant*.
_____/

## GOVERNMENT'S RESPONSE AND BRIEF OPPOSING DEFENDANT SUTHERLAND'S MOTION FOR SEVERANCE

NOW COMES the United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, and hereby responds to the Motion for Severance (R. 762) by Defendant SCOTT WILLIAM SUTHERLAND as follows:

    1.    SUTHERLAND was charged in a single-count Indictment, Criminal No. 11-20129, on March 10, 2011, with Felon in Possession of Firearms and

1

Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R.3: Indictment.) He was charged in a First Superseding Indictment on May 5, 2011, in Count 1: Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R.14: First Superseding Indictment.) He appeared before this Court on October 4, 2011, and entered a plea of guilty to Count 1 of the First Superseding Indictment. (R.25: Plea Agreement.)

2. SUTHERLAND was charged in a Third Superseding Indictment on June 13, 2012, in Count 1: Racketeer Influenced Corrupt Organizations – Conspiracy, in violation of 18 U.S.C. §1962(d), and Count 3: Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (R.72: Third Superseding Indictment.)

3. SUTHERLAND was indicted jointly with Defendants RONALD ROBERTS, DAVID ROBERTS, PATRICK MCKEOUN, JEFF SMITH, PAUL DARRAH, CARY VANDIVER, VINCENT WITORT, GARY NELSON, DAVID DROZDOWSKI, VICTOR CASTANO, along with 40 other defendants in the Third Superseding Indictment. (R. 72.) The conduct charged in the Third Superseding Indictment relates to crimes and overt acts committed by members and associates of the Devil's Diciples Motorcycle Club (DDMC) in furtherance of

their violent racketeering enterprise during the relevant time period specified in Count 1 (RICO conspiracy).

4. On August 9, 2013, the Court entered an order scheduling trial for SUTHERLAND, along with RONALD ROBERTS, DAVID ROBERTS, PATRICK MCKEOUN, JEFF SMITH, PAUL DARRAH, CARY VANDIVER, VINCENT WITORT, GARY NELSON, and DAVID DROZDOWSKI ("Trial Group 1") on April 15, 2014. (R. 642.) On February 13, 2014, the Court continued the trial date for Trial Group 1 to August 25, 2014. (R. 716.) After Defendant DAVID ROBERTS pleaded guilty, Defendant VICTOR CASTANO was added to Trial Group 1. (*See* R. 746: 4/11/14 Hrg. Tr. at 26.)

5. SUTHERLAND moves for severance from Defendants RONALD ROBERTS, JEFF SMITH, PAUL DARRAH, CARY VANDIVER, MICHAEL MASTROMATTEO (MASTROMATTEO is not in Trial Group 1), and GARY NELSON, who are all charged in Count 2, Count 26, or both, because SUTHERLAND argues that, if tried jointly with those other defendants, he would be prejudiced by spillover evidence alleged in those counts and would not receive a fair trial. (R. 762 at 4.)

6. Eleven defendants joined this motion by SUTHERLAND by filing notices of joinder, including Defendants PATRICK MCKEOUN (R. 775), JEFF

3

SMITH (R. 802), CARY DALE VANDIVER (R. 802), VINCENT WITORT (R. 802), MICHAEL MASTOMATTEO (R. 788), JOHN RIEDE (R. 775), GARY NELSON (R. 802), DAVID DROZDOWSKI (R. 802), DEAN JAKIEL (R. 788), TONY KITCHENS (R. 834), and SALVATORE BATTAGLIA (R. 776, 810). These notices of joinder do not contain any additional facts or argument. To the extent that the notices of joinder are requests by these defendants to be severed from Trial Group 1 in the same manner as SUTHERLAND, the government opposes their request for the same reasons stated in this response. Should any of these defendants later raise additional facts or arguments in support of their joinders, the government asks for a reasonable opportunity to respond at that time.

7. SUTHERLAND's motion for severance should be denied because he has failed to establish any compelling, specific, and actual prejudice that would result from a joint trial. All the counts in this case are related to the same DDMC enterprise and involve overlapping proof. The evidence about which SUTHERLAND complains is directly relevant to proving the allegations in Count 1 (RICO conspiracy), in which SUTHERLAND and all Trial Group 1 defendants are charged. Such evidence would likely be admissible against SUTHERLAND even if he was tried separately. To the extent that there is a risk of prejudicial spillover, the Court can effectively address it through limiting instructions, and the

possibility of prejudice does not outweigh the economy of a single trial for these defendants.

8.  The government respectfully submits that a hearing is not necessary on this motion. There are no novel legal or factual issues, no witnesses would be expected to testify at a hearing regarding any facts contained in this motion, and a hearing likely would not aid the Court in reaching its decision.

9.  Accordingly, SUTHERLAND's motion should be denied.

**BRIEF IN SUPPORT**

**I.   SUTHERLAND'S MOTION FOR SEVERANCE SHOULD BE DENIED BECAUSE HE FAILS TO ESTABLISH COMPELLING, SPECIFIC, AND ACTUAL PREJUDICE**

SUTHERLAND's motion for severance should be denied because he has failed to establish compelling, specific, and actual prejudice that would result from a joint trial.  All the counts in this case are related to the same violent racketeering enterprise – the Devil's Diciples Motorcycle Club (DDMC) – and involve overlapping proof.  The evidence about which SUTHERLAND complains – Count 2 (illegal gambling business) and Count 26 (obstruction of justice) – is directly relevant to proving the allegations in Count 1 (RICO conspiracy), in which SUTHERLAND and all Trial Group 1 defendants are charged.  Such evidence would likely be admissible against SUTHERLAND even if he was tried separately.  To the extent that there is a risk of prejudicial spillover, the Court can effectively address it through limiting instructions, and the possibility of prejudice does not outweigh the economy of a single trial for these defendants.

"As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'"  *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993));

*United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *accord Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Rule 8 of the *Federal Rules of Criminal Procedure* governs the joinder of defendants and offenses. In RICO cases, the requirements of Rule 8 are satisfied when each defendant is charged with participating in the affairs of the same enterprise, even when the defendants participated in different predicate racketeering acts. *United States v. Davis*, 707 F.2d 880, 883 (6th Cir. 1983) ("[W]here two defendants are charged with a RICO conspiracy it is not improper to join such defendants and include the individual illegal actions that constitute the pattern of racketeering alleged.") Moreover, non-RICO counts may be joined with RICO counts when they relate to activities of the same enterprise. *See, e.g., United States v. Amato*, 15 F.3d 230, 236-37 (2d Cir. 1994) (finding that joinder of RICO and non-RICO counts appropriate where evidence is "interconnected and overlapping").

Given the preference for joint trials, Rule 14 of the *Federal Rules of Criminal Procedure* permits severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "Moreover, Rule 14 does not require severance even if prejudice is

7

shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*. at 538-39. Even where the risk of prejudice is high, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. at 539. Indeed, "[j]uries are presumed to be capable of following instructions . . . regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002).

To prevail on a severance motion, a defendant must show "compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever." *Driver*, 535 F.3d at 427 (internal quotations omitted). "An especially compelling showing is required in RICO prosecutions," because courts prefer that the full extent of the conspiracy be developed. *United States v. Licavoli*, 725 F.2d 1040, 1051 (6th Cir. 1983).

SUTHERLAND has failed to establish any compelling, specific, and actual prejudice that would result from a joint trial. SUTHERLAND argues that he will be prejudiced by a spillover of evidence, particularly evidence that proves the allegations in Count 2 (illegal gambling business) and Count 26 (obstruction of

justice).[1]  However, the evidence about which SUTHERLAND complains is directly relevant to proving the allegations in Count 1 (RICO conspiracy), in which SUTHERLAND and all Trial Group 1 defendants are charged, and would likely be admissible against SUTHERLAND even if he was tried separately.  The RICO conspiracy lists a number of predicate racketeering acts, including illegal gambling and obstruction of justice.  (R. 72 at p. 12-13.)  Indeed, numerous overt acts in Count 1 describe illegal gambling by DDMC members (*see, e.g.,* R. 72, Count One, Overt Acts at ¶¶ 41, 46, 62-64, 67, 78, 88, 91, 94-96, 102, 106-07, 111, 116, 121-26, 128-30, 140, 144-45, 179-80, 189-91) and obstruction by DDMC members (*see, e.g.,* R. 72, Count One, Overt Acts at ¶¶ 7, 52, 71-72, 81-82, 84-87, 118, 184-85).  Many of these overt acts in Count 1 are also listed as overt acts in Counts 2

---

[1]  SUTHERLAND does not appear to argue that the charges were improperly joined; he argues only that there is prejudicial spillover from the counts in which SUTHERLAND was not charged.  (*See* R. 762 at p. 4.)  Even so, the counts joined for trial in this case satisfy the joinder requirements under Rule 8(b) because they relate to the same racketeering enterprise and they are logically interconnected and involve overlapping proof.  *See Davis*, 707 F.2d at 883*; see also Amato*, 15 F.3d at 236-37.  Indeed, the counts relate to crimes and overt acts committed by DDMC members and associates in furtherance of the same DDMC enterprise during the relevant time period specified in RICO conspiracy.  The counts about which SUTHERLAND complains – Count 2 (illegal gambling business) and Count 26 (obstruction of justice) – are racketeering acts in the RICO conspiracy, in which SUTHERLAND himself is charged.  Because these counts are related and because joinder advances judicial economy, joinder was appropriate.  *See Driver*, 535 F.3d at 427; *Davis*, 707 F.2d at 883.

and 26.  Evidence of these acts is admissible as to any of the RICO defendants, including SUTHERLAND, even if individual defendants did not directly participate in them, because the acts are connected to the affairs of the DDMC enterprise and help prove the RICO conspiracy.  *See United States v. Qaoud*, 777 F.2d 1105, 1116 (6th Cir. 1985); *see also United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992) ("Proof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant and the claim that separate trial would eliminate the so-called spill over prejudice is at least overstated if not entirely meritless.").  Thus, SUTHERLAND fails to show any compelling prejudice.

Similarly, any risk of prejudice is overstated by SUTHERLAND.  The obstruction that is the subject matter of Count 26 is no different in kind or degree from the other obstructive conduct described in the overt acts of Count 1, some in

which SUTHERLAND was an active participant (see, e.g., R. 72, Count One, Overt Acts at ¶¶ 38-40, 48).[2]  In addition, the illegal gambling that is the subject matter of Count 2 is arguably less prejudicial than any of the other racketeering acts charged as part of the RICO conspiracy, given that the overt acts in Count 2 do not describe any associated violence, obstruction, or firearms-related activity.

To the extent that some of the evidence related to Counts 2 and 26 would not be admissible against SUTHERLAND, the Court can effectively address any possible prejudice with less drastic measures, such as a limiting instruction regarding the separate consideration to be given to each defendant.  *See Zafiro*, 506 U.S. at 539.  In addition, at the end of trial, the jury charges will admonish jurors to consider each count and each defendant separately.  *See, e.g.,* Sixth Circuit Pattern Jury Instructions § 2.01D ("It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.").  As a jury is presumed capable of sorting out evidence and considering each count and each defendant separately, *Walls*, 293 F.3d at 966, SUTHERLAND's arguments prove unpersuasive.  Even if there is some potential

---

[2] The government intends to prove that SUTHERLAND assaulted Person D, fracturing Person D's nose, seized his motorcycle, and sent him a threatening letter in order to discourage Person D's cooperation with the government and to retaliate against him.

for jury confusion, it is small and does not outweigh "the economy of a single trial." *See Lopez*, 309 F.3d at 971.[3]

The example cases cited by SUTHERLAND in support of his motion each present a unique set of facts that are easily distinguishable from this case. Only one involved RICO charges, *United States v. McLain*, 823 F.2d 1457 (11th Cir. 1987), a non-precedential case from outside the Sixth Circuit that has since been overruled in part. *See United States v. Watson*, 866 F.2d 381, 385 n.3 (11th Cir. 1989) (noting that *McLain* has been effectively overruled, to the extent that it held or implied that misjoinder under Rule 8(a) or 8(b) is inherently prejudicial). None involved a long-standing criminal enterprise, such as an outlaw motorcycle gang or any street gang for that matter, in which each trial defendant was alleged to be a member, like the trial defendants in this case. Here, SUTHERLAND and the other Trial Group 1 defendants were all long-standing members of the DDMC who directly participated in the affairs of the same criminal enterprise. Given that all the counts in this case are related to the same enterprise and involve overlapping

---

[3] SUTHERLAND's motion for severance (along with the joinders of his co-defendants) is also at odds with his demand for a speedy trial. (*See* R. 763.) The practical result of any severance, if granted, would be further pre-trial delay for additional defendants. *See Davis*, 707 F.2d at 883 ("The potential prejudice shown is balanced against the competing societal goals of efficient and speedy trials.")

proof, that the Court can effectively address any possible prejudice through limiting instructions, and that a joint trial advances judicial economy, SUTHERLAND's motion for severance should be denied.[4]

---

[4] SUTHERLAND raises the prospect of severance under *Bruton v. United States*, 391 U.S. 123 (1968). (R. 762 at p. 21 n.1.) The government does not foresee any *Bruton* issues that would require severance. In addition, severance would not be required when a non-testifying codefendant's confession is admitted in a joint trial with a proper limiting instruction and the confession has been redacted to eliminate the defendant's name. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996).

## CONCLUSION

For all of the reasons stated above, SUTHERLAND's motion for severance should be denied.

                Respectfully submitted,

                BARBARA L. McQUADE
                United States Attorney

                *S/Saima S. Mohsin*
                SAIMA S. MOHSIN
                ERIC M. STRAUS
                Assistant United States Attorneys
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-9100
                Saima.Mohsin@usdoj.gov
                Eric.Straus@usdoj.gov

                JEROME M. MAIATICO
                Trial Attorney
                U.S. Department of Justice
                1301 New York Avenue, N.W.
                Room 703
                Washington, D.C. 20530
                Telephone:  (202) 615-8125
                Jerome.Maiatico@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/ Jerome M. Maiatico
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov
