UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                      *Plaintiff*,

        v.

Case No. 11-20129

HON.  ROBERT H. CLELAND

D-1   SCOTT WILLIAM SUTHERLAND
        a/k/a "Scotty Z,"

                  *Defendant*.

_____/

## GOVERNMENT'S RESPONSE AND BRIEF OPPOSING SUTHERLAND'S MOTION TO DISMISS BASED ON DOUBLE JEOPARDY AND PROSECUTORIAL VINDICTIVNESS

NOW COMES the United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, and hereby responds to SUTHERLAND's Motion to Dismiss (R. 759) as follows:

    1.      SUTHERLAND was charged in a single-count Indictment, Criminal No. 11-20129, on March 10, 2011, with Felon in Possession of Firearms and

Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R.3: Indictment.)  He was charged in a First Superseding Indictment on May 5, 2011, in Count 1: Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R.14: First Superseding Indictment.)  He appeared before this Court on October 4, 2011, and entered a plea of guilty to Count 1 of the First Superseding Indictment. (R.25: Plea Agreement.)  The factual basis for SUTHERLAND's guilty plea included his admission that on February 12, 2011, he possessed a 9 mm handgun, a .223 caliber rifle, and ammunition, that he had been a convicted felon, and that the firearms and ammunition were manufactured outside of Michigan.  (R. 25.)

2.      SUTHERLAND was charged in a Third Superseding Indictment on June 13, 2012, in Count 1: Racketeer Influenced Corrupt Organizations – Conspiracy, in violation of 18 U.S.C. §1962(d), and Count 3: Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (R.72: Third Superseding Indictment.)

3.      In Count 1, RICO conspiracy, the Third Superseding Indictment charges SUTHERLAND, along with 17 other defendants, with conspiring to conduct or participate, directly or indirectly, in the conduct of the affairs of the Devil's Diciples Motorcycle Club, through a pattern of racketeering activity,

2

including, among other racketeering acts, obstruction of justice, robbery, extortion, and trafficking in controlled substances. The RICO conspiracy began at least as early as the 1990s, and continued to through the date of this indictment, in the Eastern District of Michigan, and Arizona, Indiana, Alabama, California, and Ohio, and elsewhere. (R. 72)

4.     The Third Superseding Indictment lists 201 overt acts (at least ten of which refer to SUTHERLAND by name) that were committed in furtherance of the RICO conspiracy, including the following overt act:

> 193. On or about February 12, 2011, defendants RONALD RAYMOND ROBERTS and SCOTT WILLIAMS SUTHERLAND possessed several firearms including a 9 mm handgun, a shotgun, and an assault rifle which they used to protect the methamphetamine factory located in Detroit, Michigan.

(R. 72 at 48-49.)

5.     SUTHERLAND now moves for dismissal of the Third Superseding Indictment on grounds of double jeopardy and prosecutorial vindictiveness. (R. 759.)

6.     Seven defendants joined this motion by SUTHERLAND by filing notices of joinder, including Defendants CARY VANDIVER (R. 800), VINCENT WITORT (R. 800), MICHAEL MASTROMATTEO (R. 785), JOHN RIEDE (R. 775), VICTOR CASTANO (R. 800), DEAN JAKIEL (R. 785), and TONY

KITCHENS (R. 834).  These notices do not contain any additional facts or argument.  The government's instant response addresses the issues raised by SUTHERLAND and applies to all joined defendants to the extent applicable. Should any of these defendants later raise additional facts or arguments in support of their joinders, the government asks for a reasonable opportunity to respond at that time.

7.      SUTHERLAND's motion is baseless.  Under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), the RICO conspiracy charge against SUTHERLAND does not violate his right against double jeopardy, because it is a separate offense and requires different elements of proof than his previous firearm conviction.  Further, the government did not act vindictively in charging SUTHERLAND in the Third Superseding Indictment.  Rather, the government exercised its discretion to charge SUTHERLAND in order to, among other reasons, hold him accountable for the full scope of his criminal activities and protect the public from the violent racketeering enterprise in which he was a member.  SUTHERLAND does not claim actual vindictiveness, and he has failed to state any grounds that establish a presumption of vindictiveness.

8.      The government respectfully submits that a hearing is not necessary on this motion.  There are no novel legal or factual issues, no witnesses would be

4

expected to testify at a hearing regarding any facts contained in this motion, and a hearing likely would not aid the Court in reaching its decision.

      9.      Accordingly, Defendant SUTHERLAND's motion should be denied.

## BRIEF IN SUPPORT

I.   **SUTHERLAND'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE SUTHERLAND'S RIGHT AGAINST DOUBLE JEOPARDY HAS NOT BEEN VIOLATED UNDER THE *BLOCKBURGER* TEST AND THE GOVERNMENT ACTED REASONABLY IN CHARGING THE FULL SCOPE OF SUTHERLAND'S CRIMINAL CONDUCT**

SUTHERLAND moves for dismissal of the Third Superseding Indictment on grounds of double jeopardy and prosecutorial vindictiveness. (R. 759.) SUTHERLAND's motion is baseless.  Under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), the RICO conspiracy charge against SUTHERLAND does not violate his right against double jeopardy, because it is a separate offense and requires different elements of proof than his previous firearm conviction.  Further, the government did not act vindictively in charging SUTHERLAND in the Third Superseding Indictment.  Rather, the government exercised its discretion to charge SUTHERLAND in order to, among other reasons, hold him accountable for the full scope of his criminal activities and protect the public from the violent racketeering enterprise in which he was a member.  SUTHERLAND does not claim actual vindictiveness, and he has failed to state any grounds that establish a presumption of vindictiveness.  Accordingly, the Court should deny SUTHERLAND's motion.

## A.    No Double Jeopardy Violation

SUTHERLAND claims that his previous conviction for a firearms offense, pursuant to 18 U.S.C. § 922(g)(1) should preclude the government from prosecuting him in the RICO conspiracy, pursuant to 18 U.S.C. § 1962(d), where some of SUTHERLAND's underlying conduct from the firearms conviction is described in one of the overt acts of the RICO conspiracy.  This claim lacks merit. The RICO conspiracy charge does not violate double jeopardy's prohibition against successive prosecutions for the same offense because, under the *Blockburger* test, 284 U.S. at 304, each offense requires proof that the other does not.

It is well established that the test for determining whether double jeopardy bars successive prosecutions is the "same-elements" test, articulated in *Blockburger.*  As the Supreme Court has stated:

> [W]here the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies.... The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

7

*United States v. Dixon*, 509 U.S. 688, 696 (1993) (internal citations omitted).  The

test focuses on the statutory elements of the crimes, not whether the conduct is the

same or similar, and separate offenses may nonetheless exist even where there is

substantial overlap in proof.  *Brown v. Ohio*, 432 U.S. 161, 166 (1977); *cf.*

*Robertson v. Morgan*, 227 F.3d 589, 594 (6th Cir. 2000) ("[T]he Supreme Court

has repudiated the former notion that double jeopardy protections require

subsequent prosecutions to satisfy a 'same conduct' test.") (*citing Dixon*, 509 U.S.

at 704).

SUTHERLAND relies on the same case law (R. 759 at 15, citing *Brown*),

but he incorrectly applies the law to the charges in this case.

Here, the government's successive prosecution of SUTHERLAND on RICO

conspiracy charges, after he pleaded guilty to a firearms charge, does not violate

double jeopardy because each offense contains an element not contained in the

other.  SUTHERLAND was previously convicted of Felon in Possession of

Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  To establish a

violation of § 922(g)(1), the government must prove the following elements:

1.  That the defendant has been convicted of a crime punishable by
    imprisonment for more than one year.
2.  That the defendant, following his conviction, knowingly
    possessed a firearm and ammunition specified in the
    indictment; and

8

      3.      That the specified firearm and ammunition was manufactured in a state other than Michigan.

*See* Sixth Circuit Pattern Jury Instructions § 12.01 (2014).

On the other hand, in the Third Superseding Indictment, SUTHERLAND is charged in the RICO conspiracy, in violation of 18 U.S.C. § 1962(d). To establish a violation of § 1962(d), the government must prove these elements:

1. The existence of an enterprise or that an enterprise would exist;
2. The enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce;
3. A conspirator was or would be employed by or associated with the enterprise;
4. A conspirator did or would conduct or participate in, either directly or indirectly, the conduct of the affairs of the enterprise; and
5. A conspirator did or would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the indictment; that is, a conspirator did or would commit at least two acts of racketeering activity.

Model Jury Instruction No. 1 – RICO Conspiracy, Organized Crime & Gang Section, Department of Justice (2011); *see* Seventh Circuit Pattern Jury Instructions at 527 (2012).

For each offense, the government must prove elements not contained in the other. For example, the firearms offense requires proof of knowing possession of a firearm, which RICO conspiracy does not. Similarly, RICO conspiracy requires proof of an enterprise, which the firearms offense does not. Therefore, they are not

9

the "same offense" and double jeopardy does not bar the prosecution of the RICO

conspiracy charge against SUTHERLAND in the Third Superseding Indictment.

*See Dixon*, 509 U.S. at 696.

Indeed, the description of the underlying conduct from SUTHERLAND's

firearms conviction in the "overt acts" section of the RICO conspiracy does not

violate double jeopardy.  Even if the firearms offense was a "racketeering act"

under the RICO conspiracy charge – which it is not, *see* 18 U.S.C. § 1961(1) –

double jeopardy would not bar successive prosecution on both offenses.  *See, e.g.,*

*United States v. Luong*, 393 F.3d 913, 917 (9th Cir. 2004) ("We conclude that the

government was not barred from successively prosecuting Le and Luong for

violations of RICO and for conspiracy to commit a Hobbs Act robbery when one

of the RICO predicate acts was a conspiracy to commit Hobbs Act robberies."); *cf.*

*United States v. Corrado*, 304 F.3d 593, 609 n.8 (6th Cir. 2002) ("[W]e have long

maintained that the imposition of consecutive sentences for violations of RICO and

its accompanying predicate offenses does not violate the Double Jeopardy

Clause.").[1]

### B.   No Prosecutorial Vindictiveness

SUTHERLAND further claims that the charges against him in the Third

Superseding Indictment should be dismissed on the grounds of prosecutorial

vindictiveness, alleging that they were brought in retaliation for his refusal to

cooperate.  (R. 759 at 16.)  This claim is also meritless.  The government did not

act vindictively in charging SUTHERLAND in this case.  Rather, the government

exercised its discretion to charge SUTHERLAND in order to, among other

reasons, hold him accountable for the full scope of his criminal activities and

---

[1]   It is important to note the difference between "overt acts" and "racketeering acts."  A racketeering act is a violation of one or more of the crimes listed in 18 U.S.C. § 1961(1), and proof that a conspirator did or would commit at least two racketeering acts is an element of RICO conspiracy.  *See, e.g., United States v. Posada-Rios*, 158 F.3d 832, 855 (5th Cir. 1998).  The Third Superseding Indictment lists the racketeering acts generally in *Glecier* format by listing the types of crimes and statutory provisions.  (R. 72 at 12-13.)  *See United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991); *see also United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011) ("[I]t is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity.").  An overt act, on the other hand, is a discrete act or event in furtherance of a conspiracy that is listed in the indictment without statutory language in its description.  The Third Superseding Indictment lists 201 such overt acts.  (R. 72 at 15-50.)  Although RICO conspiracy does not require proof of any overt acts, *Salinas v. United States*, 522 U.S. 52, 63 (1997), the Third Superseding Indictment lists overt acts in order to provide a more complete picture of the RICO enterprise and the charged conduct.

protect the public from the violent racketeering enterprise in which he was a member.  SUTHERLAND does not claim actual vindictiveness, and he has failed to state any grounds that establish a presumption of vindictiveness.

Due process prohibits a prosecutor from using criminal charges in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974).  To prevail on a claim of vindictive prosecution, a defendant must show either actual vindictiveness or facts sufficient to give rise to a presumption of vindictiveness."  *See United States v. Goodwin*, 457 U.S. 368, 373 (1982); *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001).  SUTHERLAND does not claim actual vindictiveness, and so he relies on the presumption.

In order to establish vindictive prosecution on these grounds, a defendant must show that there has been: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right."  *Suarez*, 263 F.3d at 479 (citing *Nat'l Eng'g & Contracting Co. v. Herman,* 181 F.3d 715, 722 (6th Cir.1999)). The presence of the first three elements creates a presumption that the fourth is present and, thus, that there is a

realistic likelihood of vindictiveness that the government must rebut. *Suarez*, 263 F.3d at 479.

### 1. The Government Had No Considerable Stake in SUTHERLAND's Exercise of a Protected Right

Here, SUTHERLAND cannot and does not make a showing that he (1) exercised a protected right, and (2) that the government had a considerable stake in the exercise of that right. First, the "right not to cooperate" is not a protected right. Courts that have addressed prosecutorial vindictiveness in the context of refusal to cooperate have found no vindictiveness where a prosecutor has increased charges in response to a failure to cooperate. *See e.g.*, *United States v. Williams,* 47 F.3d 658, 662 (4th Cir. 1995) ("Although the prosecutor may not retaliate against a defendant for exercising a legal right, in the give-and-take of plea bargaining, there is no element of retaliation as long as the defendant is free to refuse the government's demand of cooperation with the authorities."); *United States v. Long,* 823 F.2d 1209, 1211 (7th Cir. 1987). The court in *Long* stated:

> This realization sinks both of Long's claims of prosecutorial vindictiveness, because of *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). *Roberts* holds that a district court may properly consider, when imposing sentence, a defendant's refusal to cooperate. The Court found that, far from having a right not to cooperate, every citizen has a *duty* to cooperate and report criminal activity, a duty grounded in the responsibilities of community life. *Id.* at 558, 100 S.Ct. at 1363. Long claims that he was treated adversely

13

>  because he refused to cooperate; *Roberts* says that the government
>  may penalize such a refusal, and so under *Goodwin* and
>  *Bordenkircher* there is no due process violation.

*Long*, 823 F.2d at 1211.  Since SUTHERLAND was not exercising a protected

right when he refused to cooperate, he fails to establish the first element of

vindictive prosecution.

Second, the government clearly did not have a significant stake in the

exercise of this right, given it had ample evidence to obtain an indictment against

the defendants without SUTHERLAND's cooperation.  "When the prosecution is

forced to do over what it thought it had already done correctly, or where

duplicative expenditures of prosecutorial resources are required, the prosecution's

stake in discouraging the defendant's exercise of a right may be considerable."

*United States v. LaDeau*, 734 F.3d 561, 569-70 (6th Cir. 2013) (internal quotations

omitted).  Here, SUTHERLAND pleaded guilty to the original firearms charges, so

the government's initial case obviously was not jeopardized in any way by the

defendant's refusal to cooperate.  The prosecution was not forced to do anything

over and there was no duplicative expenditure of prosecutorial resources in that

indictment.

Moreover, the subject of cooperation is routinely undertaken before and after

indictment and during plea negotiations between the government and defendants

14

who, like SUTHERLAND, have the potential to substantially assist the government and as consequence, could receive a favorable benefit both in charging decisions as well as sentencing. In a case like this, however, where there are numerous cooperating witnesses and a large amount of evidence, securing SUTHERLAND's truthful testimony would have been of marginal benefit to the government on the Third Superseding Indictment.

Accordingly, SUTHERLAND fails to establish the second element.

### 2. The Government Has Not Engaged in Unreasonable Conduct

Moreover, SUTHERLAND fails to satisfy the third element of vindictive prosecution, because the government has engaged in no unreasonable conduct. Courts have established some guidelines in determining whether prosecutorial conduct is reasonable for these purposes. First, "the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable." *Suarez*, 263 F.3d at 480. In fact, "a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment. Where, by contrast, there were multiple criminal acts, the addition of further charges is more reasonable." *Id.* (internal citation omitted); *cf. United*

15

*States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980) ("A prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one.").

Here, the government did not act unreasonably in charging SUTHERLAND in the Third Superseding Indictment. Rather, the government exercised its discretion to charge SUTHERLAND in order to, among other reasons, hold him accountable for the full scope of his criminal activities and protect the public from the violent racketeering enterprise in which he was a member.

It is important to emphasize, as explained above, that these charges are not duplicative. They are different offenses and charging SUTHERLAND did not violate the Double Jeopardy Clause. Specifically, in the Third Superseding Indictment, the government charged SUTHERLAND for his participation in a wide range of criminal conduct that lasted several years, which is far different from the single incident where he possessed a firearm. Thus, in this case, the government did not substitute a more severe charge for a less severe one. Instead, there were multiple criminal acts charged in the Third Superseding Indictment, which, as *Suarez* notes, makes the addition of further charges reasonable. *Suarez*, 263 F.3d at 480.

Although SUTHERLAND contends that the additional charges were simply punishment added on for his failure to cooperate during his first criminal proceedings, in fact they cover different conduct than the original charges: his firearms violation is only one overt act of many, in one of the two conspiracies he has been charged with. The fact that the firearms violation is described as an overt act in the Third Superseding Indictment does not mean that the indictment is based on the same underlying conduct; he is alleged to have participated in the conspiracies far beyond the activity mentioned in that one overt act. Indeed, given that forty other defendants were charged in the same indictment, SUTHERLAND's claim that the Third Superseding Indictment was conceived or executed as a punishment for his refusal to cooperate is completely without merit.

SUTHERLAND cannot prove that he exercised a protected right, that the government had a stake in the exercise of that right, or that the government acted unreasonably, and so he cannot demonstrate a realistic likelihood of vindictiveness. Accordingly, not only is there no evidence of actual vindictiveness, but also there is no presumption of prosecutorial vindictiveness in this case.

## <u>CONCLUSION</u>

For all of the reasons stated above, SUTHERLAND's motion should be

denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*S/Saima S. Mohsin*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/ Jerome M. Maiatico
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

19