UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

                    *Plaintiff*,

       v.

D-1   SCOTT WILLIAM SUTHERLAND
         a/k/a "Scotty Z"

                    *Defendant*.
_____/

Case No. 11-20129

HON.  ROBERT H. CLELAND

## GOVERNMENT'S RESPONSE AND BRIEF OPPOSING MOTION FOR A BILL OF PARTICULARS

NOW COMES the United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, and hereby responds to Defendant SCOTT WILLIAM SUTHERLAND's Motion For Bill of Particulars (R. 755) as follows:

    1.      SUTHERLAND was charged in a single-count Indictment, Criminal No. 11-20129, on March 10, 2011, with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R.3: Indictment.)  He was

charged in a First Superseding Indictment on May 5, 2011, in Count 1: Felon in

Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

(R.14: First Superseding Indictment.)  He appeared before this Court on October 4,

2011, and entered a plea of guilty to Count 1 of the First Superseding Indictment.

(R.25: Plea Agreement.)

2.    SUTHERLAND was charged in a Third Superseding Indictment on

June 13, 2012, in Count 1: Racketeer Influenced Corrupt Organizations –

Conspiracy, in violation of 18 U.S.C. §1962(d), and Count 3: Conspiracy to

Manufacture, Distribute, and Possess With Intent to Distribute Controlled

Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (R.72: Third

Superseding Indictment.)

3.    The government alleges in Count 1 (RICO conspiracy) that

SUTHERLAND is one of 18 members and associates of the Devils Diciples

Motorcycle Club (DDMC), a violent racketeering enterprise, who conspired to

conduct the affairs of the DDMC through a pattern of racketeering activity

consisting of multiple acts of drug trafficking, and other state and federal crimes.

(R. 72 at 3-50.)  Two-hundred and one overt acts illustrate the scope of the RICO

conspiracy in which SUTHERLAND and the other named RICO defendants

2

participated from the early 1990s to the date of the Third Superseding Indictment.
(R. 72. at pp. 15-50.)

4.    Count 3 alleges that SUTHERLAND, during his membership in the
DDMC, also participated in a parallel drug conspiracy from in or about 1992 to the
date of the Third Superseding Indictment, with 22 others, many of whom were
fellow DDMC members and RICO defendants charged in Count 1.  (R. 72 at pp.
11-12, 57-58.)

5.    On January 18, 2013, the government filed a notice of discovery
disclosure.  (R. 525.)  That notice stated that on December 21, 2012, the
government made available to all defendants two compact disks that included the
defendants' criminal histories and statements, and the applications, affidavits, and
orders concerning wiretaps on the phones of VERNON NELSON RICH and
PAUL ANTHONY DARRAH, who are charged in both Counts 1 and 3.
Thereafter, on January 10, and January 15, 2013, the government provided to the
court-appointed discovery coordinator:  (1) a computer hard drive that contained
calls intercepted over the RICH and DARRAH phones; and (2)  25,000 pages of
material that included FBI reports and materials;  DEA reports and materials; ATF
reports and materials; police reports and materials; evidence logs; Grand Jury
subpoenas, returns, and related materials; search warrants, search warrant

3

applications and supporting affidavits, the search warrant returns and inventories, and photographs and photocopies of items seized during the execution of the warrants; laboratory and related reports; wiretap call logs; and subscriber information.

6.      Discovery is ongoing pursuant to the Court's orders and agreement between the parties.  The government is aware of its ongoing discovery obligations and intends to fully comply.

7.      SUTHERLAND filed a motion for a bill of particulars on May 16, 2014.  That motion seeks information about the "times, places, circumstances, witnesses, and approximate date" SUTHERLAND joined two drug conspiracies: (1) the 2000 to 2001 drug conspiracy that is part of the racketeering activity charged in Count 1, as Overt Act 30; and (2) the drug conspiracy charged in Count 3.  (R. 755 at p. 2.)

8.      SUTHERLAND's motion for a bill of particulars is without merit. The Third Superseding Indictment is a lengthy and detailed charging document that sufficiently informs SUTHERLAND of the conspiracy allegations against him so that he may prepare his defense and guard against future prosecution for the same conduct.  Case law dictates that SUTHERLAND simply cannot use a bill of particulars to obtain the information requested, and the government opposes his

attempt to use a motion for a bill of particulars to obtain discovery and trial

information beyond that required by the *Federal Rules of Criminal Procedure*.

Furthermore, the defendants cannot obtain a bill of particulars where, as here, the

government has provided extensive discovery.  The defendants' motion is a thinly-

veiled attempt to obtain the government's evidence and trial theories under the

guise of a bill of particulars and, as a result, the government respectfully requests

that the motion be denied.

     9.    Twenty-one defendants joined the motion by SUTHERLAND by

filing notices of joinder, including Defendants PATRICK MCKEOUN (R. 755),

JEFF SMITH (R. 796), CARY VANDIVER (R. 796), VINCENT WITORT (R.

796), MICHAEL MASTROMATTEO (R. 781), VERNON RICH (R. 781), JOHN

RIEDE (R. 775), VICTOR CASTANO (R. 796), GARY NELSON (R. 796),

TIMOTHY DOWNS (R. 775), DAVID DROZDOWSKI (R. 796), SMILEY

VILLA (R. 811), DEAN JAKIEL (R. 781), TONY KITCHENS (R. 834),

SYLVESTER WESAW (R. 811), SCOTT PERKINS (R. 811), CLIFFORD

RHODES (R. 811), CHRISTOPHER COOK (R. 811), JASON COOK (R. 811),

SALVATORE BATTAGLIA (R. 776, 811), and WAYNE WERTH (R. 811).

These notices do not contain any additional facts or argument.  The government's

instant response addresses the issues raised by SUTHERLAND and applies to all

joined defendants to the extent applicable.  Should any of these defendants later raise additional facts or arguments in support of their joinders, the government asks for a reasonable opportunity to respond at that time.

10.    The government respectfully submits that a hearing is not necessary on this motion.  There are no novel legal or factual issues, no witnesses would be expected to testify at a hearing regarding any facts contained in this motion, and a hearing likely would not aid the Court in reaching its decision.

## BRIEF IN SUPPORT

SUTHERLAND's motion for a bill of particulars is without merit.  The
Third Superseding Indictment is a lengthy and detailed charging document that
sufficiently informs SUTHERLAND of the conspiracy allegations against him so
that he may prepare his defense and guard against future prosecution for the same
conduct.  Case law dictates that SUTHERLAND simply cannot use a bill of
particulars to obtain the information requested, and the government opposes his
attempt to use a motion for a bill of particulars to obtain discovery and trial
information beyond that required by the *Federal Rules of Criminal Procedure*.
Furthermore, the defendants cannot obtain a bill of particulars where, as here, the
government has provided extensive discovery.  The defendants' motion is a thinly-
veiled attempt to obtain the government's evidence and trial theories under the
guise of a bill of particulars and, as a result, the government respectfully requests
that the motion be denied.

## I.  RELEVANT BACKGROUND

On June 13, 2012, a federal grand jury returned a Third Superseding
Indictment charging 41 defendants with 38 Counts of criminal conduct.
SUTHERLAND's motion for a bill of particulars pertains to two interrelated drug
conspiracies described in Count 1 and Counts 3.

In Count 1, the Third Superseding Indictment charges SUTHERLAND and 17 other named co-conspirators with participating in a RICO conspiracy, whereby they agreed that a conspirator would commit at least two acts of racketeering activity, to include drug crimes, in the conduct of the affairs of the DDMC. (R. 72. at 15-50). The Third Superseding Indictment lists the specific Michigan Townships and other states where the racketeering activity is alleged to have taken place, and describes in detail the DDMC enterprise, its structure and the role of its members, and its purposes, as well as the "[m]anner, [m]eans, and [m]ethods" of the RICO conspiracy. (R. 72 at pp. 1-15.) It goes on to recite 201 overt acts committed by the conspirators during the lifespan of the RICO conspiracy that began in the early 1990s and continued through 2012, the date of the Third Superseding Indictment. (R. 72 at pp. 15-50.) Many of those overt acts concern the conspirators' drug trafficking activities, including those of SUTHERLAND as a member of the DDMC. One of the predicate racketeering drug conspiracy acts in support of the RICO conspiracy is recounted in Overt Act 30 of Count 1, which states: "At various dates during approximately 2000 to 2001, the exact dates being unknown to the Grand Jury, DDMC members, including defendants JOHN RENNY RIEDE, SCOTT WILLIAM SUTHERLAND, and SYLVESTER

2011:cr-20129-RHC-MAR   Doc # 860   Filed 07/01/14   Pg 9 of 18   Pg ID 3859

GERARD WESAW, sold methamphetamine to members of the Highwaymen

Motorcycle Club." (R. 72 at p. 20.)

In Count 3, the Third Superseding Indictment charges that SUTHERLAND

and 22 conspirators, 14 of whom are also RICO co-defendants, and others both

known and unknown to the Grand Jury conspired from "in or about 1992, through

on or about the date of this indictment, in the Eastern District of Michigan, and

elsewhere, including Alabama, Arizona, California, Indiana and Ohio…to

manufacture, distribute, and possess with intent to distribute, more than 500 grams

or more of a mixture or substance containing a detectable amount of

methamphetamine, and hydrocodone…." (R. 72 at pp. 57-58.)

The RICO conspiracy alleged in Count 1 and the drug conspiracy alleged in

Count 3 co-existed and operated concurrently, involving many of the same

participants. While Count 3 does not allege any overt acts, Count 1 documents

specific instances of drug-related conduct committed by SUTHERLAND and his

drug conspirators during the shared time frame with the RICO conspiracy. (*See,

e.g.,* R. 72, Count 1, Overt Acts at ¶¶ 4-5, 8-11, 21-30, 36, 42-45, 49, 53, 60-62,

73-77, 80, 92-93, 97-101, 103-05, 108-10, 112-15, 119-20, 122, 124-25, 127, 131-

32, 134-36, 139, 141-43, 146, 153-54, 158, 164, 166-67, 175, 177-79, 182, 186,

188-89, 192-99, 201.)

In addition to the detailed and comprehensive Third Superseding Indictment, as summarized above, the government has provided substantial discovery to all defendants, beginning as early as December 2012 (R. 525) , and discovery will continue in accordance with the government's discovery obligations and as directed by the Court.

## II.   SUTHERLAND'S MOTION SHOULD BE DENIED  BECAUSE THE INDICTMENT, SUBSTANTIATED BY DISCOVERY, SUFFICIENTLY INFORMS HIM OF THE CONSPIRACY ALLEGATIONS SO THAT HE MAY PREPARE HIS DEFENSE AND GUARD AGAINST DOUBLE JEOPARDY

Despite the lengthy, detailed indictment and voluminous discovery provided to date, SUTHERLAND moves for a bill of particulars, requesting that the government identify "the times, places, circumstances, witnesses, and approximate date" he joined the drug conspiracies.  (R. 755 at 2.)  His motion should be denied. The Third Superseding Indictment, as substantiated by discovery, sufficiently informs SUTHERLAND of the conspiracy allegations against him so that he may prepare his defense and guard against future prosecution for the same conduct.

*Federal Rule of Criminal Procedure* 7(f) provides, in relevant part: "[t]he Court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  It is well-settled that when a defendant has "the

information needed to prepare a defense and to preclude a second prosecution for the same crimes," he is not entitled to a bill of particulars.  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).  *See also United States v. Dimora*, 829 F.Supp.2d 574, 595 (N.D. Ohio 2011) (citing *United States v. Musick*, 291 Fed.Appx. 706, 724 (6th Cir. 2008).  A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375; *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *Salisbury*).

When the necessary information can be found within the indictment, has been supplied by discovery or other sources, or a combination thereof, a motion for a bill of particular fails.  *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991) ("[A] defendant is not entitled to a bill of particulars with respect to information which is available through other sources."), *superseded on other grounds by statute*; *United States v. Piccolo*, 723 F.2d 1234, 1240  (6th Cir. 1983) (denying bill of particulars request because the defendant received all of the information in the government's possession through discovery); *United States v. Cox*, 2012 WL 6568088, at *1 (E.D. Mich. Dec. 14, 2012) (bill of particulars is unnecessary when information is provided through discovery; government

provided "over 2,000 pages of discovery, including wiretap affidavits, transcripts, and DEA reports").

Here, SUTHERLAND's requests for "the times, places, circumstances, witnesses, and approximate date" he joined the drug conspiracies are clearly improper. The limitations on the use of a bill of particulars are "particularly true" when, as here, a conspiracy is charged. *United States v. Hooks*, 2008 WL 907445, *3 (W.D. Mich. April 1, 2008). Accordingly, SUTHERLAND cannot seek a bill of particulars to: (1) discover all overt acts, *Salisbury*, 983 F.2d at 1375; (2) discern "the precise details of the roles the defendant and his conspirators allegedly played in forming and executing the conspiracy," *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa. 1982); (3) compel facts regarding the existence and formation of the conspiracy, *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986); (4) require disclosure of with whom a conspirator agreed and when, *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) ("[E]xistence of the conspiracy agreement rather than the identity of those who agree" places a defendant on notice of the charge.); (5) seek witness lists, *United States v. Griesbeck*, 2011 WL 528579, * 5 (E.D. Mich. Feb. 8, 2011) (citing *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993)), *Hooks,* 2008 WL 907445, *3 (citing *United States v. Largent,* 545 F.2d 1039, 1043 (6th Cir. 1976); or (6) demand a more precise time

12

frame or location for the conspiracies with which he is charged, *Dimora*, 829 F.Supp.2d at 595 (rejecting request for "the time, date, and manner in which [defendant] joined and/or participated in" a RICO conspiracy alleged to have occurred between "in or around 2000" and "on or about July 20, 2010") (citing *United States v. Vassar*, 346 Fed.Appx. 17, 22 (6th Cir. 2009) ("an indictment that is open-ended as to beginning dates but not end dates suffices")); *United States v. Abdi,* 498 F.Supp.2d 1048, 1068-68 (S.D. Ohio 2007) (finding that indictment sufficiently apprised defendant of location of offenses, namely, "Ethiopia and the Southern District of Ohio").

The Third Superseding Indictment provides a detailed narrative of drug crimes and conduct that frames the government's case against SUTHERLAND, his fellow DDMC members and associates, and other drug co-conspirators. Counts 1 and 3 specifically place SUTHERLAND on notice as to the dates, locations, and names of co-defendants charged in the conspiracies. Count 1 describes in detail the DDMC enterprise, its structure and the role of its members, its purposes, its manner, means, and methods, as well as 201 overt acts committed by members and associates of the enterprise, including SUTHERLAND. The wealth of discovery SUTHERLAND and all of his co-defendants have received since 2012 has further defined the government's case and, as such, SUTHERLAND cannot make out a

13

colorable claim of surprise or lack of preparedness about the crimes with which he is charged.

In support of his request, SUTHERLAND's motion ventures beyond the Sixth Circuit in search of cases to bolster his cause. Of the cases cited by SUTHERLAND, only two merit discussion and those are readily distinguishable from the instant prosecution.[1]

The first is *United States v. Gatto,* 746 F. Supp. 432 (D. N.J. 1990), *rev'd on other grounds*, 924 F.2d 491 (3d Cir. 1991). In *Gatto*, the court granted a bill of particulars for the dates and places of particular events, and, to a degree, the names of co-conspirators in a RICO conspiracy prosecution, where the indictment did not specify any overt acts, but rather charged a "pattern of racketeering activity [that] 'was of the type' alleged in Count 2 (a substantive RICO count)" of the indictment.

---

[1]       One case cited by SUTHERLAND is particularly unsupportive of his cause. *See United States v. Carrier,* 672 F.2d 300 (2d Cir. 1982) (concerning the validity of the indictment as a matter of law in a threats prosecution against a single defendant). The others, in fact, support the government's case. *See United States v. Colson*, 662 F.2d 1389, 1391-92 (11th Cir. 1981) (denying motion for list of witnesses was not error since defendant had significant relationships with major government witnesses); *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998) (finding that though indictment was "bare bones," court's denial of bill of particulars was not an abuse of discretion because "extensive" information about the defendants' conduct was provided and defendant suffered no prejudice when government did not disclose substance of witness' testimony); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (holding that defendant has no right to know the purpose for which the government will use the evidence).

*Id.* at 459, 477. Because the court found the language "of the type" was "so broad and general as to fail to give defendants notice of the charges against them," it granted the bill of particulars. *Id.* at 460; *see also United States v. Wolff*, 2013 WL 646204, *2-3 (D.N.J. Feb. 20, 2013) (distinguishing *Gatto* because the bill of particulars was issued to remedy a defective indictment, and declining to extend that case to a two-decade long fraud conspiracy prosecution where a valid indictment contained details of meetings and the identities of conspirators, and where the government provided ample discovery).

The second case is *United States v. Ramirez*, 54 F. Supp. 2d 25 (D.D.C. 1999). In *Ramirez*, the court granted a motion for a bill of particulars for the names of co-conspirators, the approximate dates and locations of meetings and conversations in which the defendants participated, and the approximate date when each defendant joined the conspiracy. The court granted much of the request because: (1) "the indictment itself provided so little detail;" (2) the defendants were not charged with any criminal conduct until six days before the alleged conspiracy came to an end; and (3) the government acknowledged that for those defendants, there may not have been any additional evidence or any evidence of when they joined the conspiracy. *Id.* at 30. The court granted the request so that

"each defendant may understand the government's view of his alleged role in the conspiracy." *Id.*

The unique circumstances of those two cases are not present here, where the Third Superseding Indictment and discovery detail SUTHERLAND's conduct and those with whom he is alleged to have conspired, and where and when. Indeed, the description of the DDMC enterprise and manner, means, and methods section of the Third Superseding Indictment, the overt acts, and the considerable discovery of wiretaps, search warrants, law enforcement reports, Grand Jury subpoenas, and other materials provide SUTHERLAND with a significant amount of information concerning the charges against him. Thus, it appears that his request for a bill of particulars is nothing more than an attempt to obtain a complete preview of the government's case at trial, to which well-established law makes clear they are not entitled.

## <u>CONCLUSION</u>

For all of the reasons stated above, SUTHERLAND's motion should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*<u>S/Saima S. Mohsin</u>*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2014, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will send

notification of such filing to all counsel of record.

<div style="margin-left: 50%;">

s/ Jerome M. Maiatico

Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

</div>

18