**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 11-20129

VICTOR CARLOS CASTANO (D-12),

    Defendant.
                                               /

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 11-20066

VICTOR CARLOS CASTANO (D-6),

    Defendant.
                                               /

**ORDER DENYING MOTION FOR RECONSIDERATION**

On June 30, 2014, the court granted Defendant Victor Carlos Castano's unopposed motion for an extension of time to file a notice of appeal, and giving Defendant seven days to file his notice of appeal. Thereafter, the Government immediately filed a motion for reconsideration, asserting that it did in fact oppose the motion but, due to a miscommunication with court staff, did not file a response brief. Having reviewed the motion for reconsideration, and having considered the arguments in opposition to the original motion to extend, the court remains convinced that an extension of time to file the notice of appeal was warranted. Accordingly, the court will not disturb the June 30 order, and will deny the motion for reconsideration.

The local rules provide that criminal motions are generally governed by the local civil rule related to motions.  *See* E.D. Mich. LCrR 12.1(a) (providing that criminal motions are governed by Local Rule 7.1).  Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

The Government explains that it did not file an opposition brief because it was instructed by the court's staff that a response was not required.  It is, as the Government notes, fairly routine for the court's case manager to prioritize responses when numerous motions are filed at the same time, sometimes requesting expedited responses or sometimes granting brief extensions or communicating if a response is not necessary to a fairly routine or patently frivolous motion.  It is, however, not typical practice for the court's staff to advise a party that a response is not necessary to a motion which the court is considering granting.  The court is not certain whether this was a miscommunication or a misunderstanding, but the court accepts that Government counsel believed a response was not necessary to Defendant's motion.

Nonetheless, had the Government filed its intended response, the court would still have granted the motion. The Government's principle argument is that, with two attorneys handling Defendant's case, the failure to file the notice of appeal was inexcusable. The court disagrees. Though the attorney is responsible for ensuring the timely filing of a notice, after an assistant is instructed to do something, it is not unreasonable to rely on that assistant. Further, it is also understandable that certain matters may have slipped through the cracks, or have been overlooked by the attorneys, when the assistant was rushed to a hospital emergency room. Finally, contrary to the Government's argument, the delay in filing the notice of appeal does not prejudice the Government. While it may complicate matters, the complications arise in the filing of *any* notice of appeal. There is nothing about the minimal delay itself which causes prejudice to the Government, and the court remains convinced that an extension was warranted.

As the Government has not identified any palpable defect the correction of which will result in a different disposition of the motion to extend,

IT IS ORDERED that the Government's motion for reconsideration [Dkt. # 851] is DENIED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 3, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522