UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
        Plaintiff                           Case No.:11-20129
v                                      Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
        Defendant.

_____/

United States of America,
Plaintiff
v.                                    Case No. 11-20066
                                     Hon.: ROBERT H. CLELAND

Jeff Garvin Smith, et al.
Defendants

_____/

**REPLY OF DEFENDANT MCKEOUN TO THE
GOVERNMENT'S RESPONSE TO MOTION FOR DISCOVERY
AND BRADY MATERIALS SPECIFIC TO DEFENDANT MCKEOUN**

NOW COMES the Defendant Patrick Michael Mckeoun, by and through his attorney Sidney Kraizman, in Case No.:11-20129 and in Reply to the Government's Response to the Motion for Discovery and Brady Materials Specific to Defendant Mckeoun says that:

The Government in its Response to the Defendant's Motion for Discovery points out that the Defendant filed a Motion for Discovery and Brady Materials on April 6, 2012 in case # 11-20129, and claims that the

1

Defendant in the current motion is really filing a motion for reconsideration of the order that was denied; the government is incorrect. On April 24, 2012 the government filed a response indicating that it was aware of its obligations under Fed. R. P. 16, Brady and Giglio and intended to fully comply. The Government in its response stated: "Any Rule 16 materials not already provided will be *forthcoming* once these materials have been obtained from the investigating agency. To the extent the United States becomes aware of additional information or documentation, it will be disclosed to the defendant in a *timely* fashion. An order is therefore not required." (Doc #51 Government's Response to Motion for Discovery and Brady Materials). Based on those representations from the government that it was aware of its responsibilities and intends to comply with them, the court denied the motion of present counsel. (Doc #60 Order Denying Defendant's Motion for Discovery and Brady Materials filed 5/16/2012). At that time Defendant Mckeoun was charged in the Second Superseding Indictment.

The Defendant Mckeoun was subsequently charged in the Third Superseding Indictment with: a new offense, the Count I RICO conspiracy; and in Count III with Conspiracy to Manufacture and Distribute more than

2

500 grams of Methamphetamine and hydrocodone (100 times larger than the 5 gram amount charged in the Second Superseding Indictment).

The government is incorrect in its claim that the Defendant's current motion for Discovery and Brady Materials is a motion for reconsideration of the court's 5/16/2012 order.

This motion is filed by present counsel for the reason that as to the specific items of discovery requested by letter dated October 24, 2013 and in the Defendant's Motion for Discovery dated 5/20/2014, the government has not been "forthcoming" and "timely".

These items of discovery were requested by letter dated October 24, 2013, to AUSA Mohsin and AUSA Straus, almost 9 months ago. These items included the recording on 2 tapes of the 2-18-2000 statement of Defendant Mckeoun on February 18, 2000 in Alabama to Ohio Detective Carley and FBI Agent Frank Langdon and information as to whether there was an agreement by the government or the detective and/or FBI agent with Mr. Mckeoun that Mr. Mckeoun's statement and an earlier one that day would not be used against him.

Defendant's Written or Recorded Statement is covered by Federal Rule of Criminal Procedure 16(B), and Federal Rule of Criminal Procedure 16(d)(2) provides that for failure to comply with this rule the court may

3

"(A)order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions."

The Defendant will not again repeat the other discovery items requested, but they include: Overt Act 29 of the RICO count (the alleged Alabama methamphetamine lab and distribution from the Fall 1999 through February 18, 2000) – zero discovery has been provided to the defendant Mckeoun; the reports of the arrest of Defendant Mckeoun on February 18, 2000 in Alabama; Overt Act 195-96 teaching Defendant David Roberts how to better manufacture methamphetamine and manufacturing 5 grams of methamphetamine with Defendant David Roberts (there has been substantial discovery received, but Defense seeks the statements of Mr. Roberts and other civilian witnesses.

4

WHEREFORE, the defendant Patrick Michael Mckeoun, by and through his attorney, Sidney Kraizman, respectfully requests that this Honorable Court enter an order that the Government provide defense counsel with the discovery requested at paragraphs 3, 4, and 5A-5D of the Motion for Discovery and Brady Materials Specific to Defendant Mckeoun.

                      Respectfully submitted,

                       /s/ Sidney Kraizman, Esq.
                      Sidney Kraizman (P16199)
                      Attorney for Defendant
                      615 Griswold, 1616 Ford Building
                      Detroit, Michigan 48226
                      (313) 961-7078
                      sidkraizman@sbcglobal.net

Dated: July 11, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to defense counsel and the following:

AUSA Saima Mohsin
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

AUSA Eric M. Straus
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

this date: July 11, 2014.

                    /s/    Sidney Kraizman, Esq.
                    Signature