**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 11-20129

D-12 VICTOR CARLOS CASTANO,
D-14 MICHAEL KENNETH RICH, and
D-17 DAVID RANDY DROZDOWSKI

    Defendant.
                                    /

**RULE 612/613 ORDER GRANTING "GOVERNMENT'S IN LIMINE MOTION TO PRECLUDE USE OF THIRD PARTY WRITINGS TO IMPEACH WITNESSES DURING TRIAL"**

Pending before the court is the Government's motion in limine addressing concerns over Defendants' use of third-party writings, such as interview summaries prepared by FBI agents ("FBI 302s") and affidavits filed in support of applications for wiretaps ("T-III applications"), to impeach Government witnesses. (Dkt. # 1564.) The Government argues that these reports are not prior inconsistent statements of the witness, and thus cannot be offered into evidence as such. Defendants have filed a response. (Dkt. # 1567.) For the following reasons, the court will grant the Government's motion.

At the outset, the court observes that the Government and Defendants do not seem to disagree about much when it comes to the use of third-party writings about witnesses' statements. Defendants note, "[c]ertainly the 302 report itself is inadmissable" and that attributing an FBI 302 to a witness who did not himself write the report is improper. (Defs.' Resp. 3.) This seems to resolve the Government's concern that Defendants' counsel will "confront [witnesses] with such reports at trial." (Gov.' Mot. 2.) The court, nevertheless, will provide clarifying guidance.

Federal Rule of Evidence 613 provides that witnesses may be impeached with *their own* prior inconsistent statements. Considering the use of FBI 302s at trial, the Sixth Circuit has noted that "it would 'be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said the be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." *United States v. Nathan*, 816 F.2d 230, 236 (6th Cir. 1987) (quoting *Palermo v. United States*, 360 U.S. 343, 350 (1959)). FBI 302s and T-III applications are an investigator's summaries of witness statements, they are not purely statements made by a witness. To prove that a witness and an investigator did not hew to the same line in characterizing events does not cast the same shadow upon testimony that is cast by a witness' own changing story. Unless the witness has adopted the information and statements in the law enforcement report, the court holds that such reports cannot be used for impeachment purposes. *See United States v. Silber*, No. 09-20223, 2010 WL 1222723, at *2 (E.D. Mich. March 25, 2010) (Roberts, J.); *see also United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (noting that FBI 302s "have been deemed inadmissable for impeaching witnesses on cross-examination"), *abrogated on other grounds by United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) ("a witness may not be charged with a third party's characterization of his statements unless the witness has subscribed to them").

That is not to say, of course, that there are no proper uses for these third-party writings. Counsel may use law enforcement reports to *inform* a cross examination, that is, provide a good faith basis for a line of questioning. *See United States v. Peyton*, 183 F. App'x 539, 545 (6th Cir. 2006). The parties' primary contention seems to center on this use. "Example 1" provided in Defendants' Response is illustrative:

> A 302 reflects that a witness said an event happened at Blackacre. During trial, on direct, the witness says that the event happened at Whiteacre. During cross-examination, the question is put to the witness as follows, "On [date], did you tell [person] that this event happened at Blackacre?"

(Defs.' Resp. 3.) This is a proper question. Importantly, however, if the witness responds "no," the line of questioning must end and the cross-examining party may not read any portion of the 302 into the record or admit the report into evidence. In the case that a witness' testimony is inconsistent with the contents of some third-party writing, such as an FBI 302, counsel may seek to question the *author* of that writing, but there are foundational requirements and limitations. *See e.g.*, *United States v. Quinn*, 230 F.3d 862, 867 (6th Cir. 2000) (extrinsic evidence used to impeach a witness on a collateral matter is inadmissable); *United States v. Avants*, 367 F.3d 433, 447-48 (5th Cir. 2004) ("In order for prior inconsistent statements to be admissible for impeachment purposes, there must be a preliminary finding that statements are inconsistent.")

These reports can also be used to refresh a witness' recollection. Fed. R. Evid. 612. And finally, counsel may directly impeach a witness with an FBI 302 only if he can lay a proper foundation that the witness has subscribed to (i.e. signed) or otherwise specifically adopted the statements contained in the 302.

Accordingly, the Government's motion is GRANTED.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: October 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2015, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522