**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Case No. 11-20129

D-12 VICTOR CARLOS CASTANO,
D-14 MICHAEL KENNETH RICH, and
D-17 DAVID RANDY DROZDOWSKI

        Defendants.

_____/

**MEMORANDUM GOVERNING RE-DIRECT AND RE-CROSS EXAMINATION**

The court finds it necessary to clarify the circumstances under which additional direct examination and additional cross examination is warranted.

First, examination of any witness is subject to supervision by the court as Federal Rule of Evidence 611 provides:

Mode and Order of Examining Witnesses and Presenting Evidence

(a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1) make those procedures effective for determining the truth;
(2) avoid wasting time; and
(3) protect witnesses from harassment or undue embarrassment.

Section (b) of the same Rule also provides, in part, that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."

There is no right identified in the Rules of Evidence specifically validating a right of either re-direct or re-cross examination.  This court views proper re-direct examination as limited to those matters addressed in cross examination (and possibly

expanded into new matters if reasonably warranted), and any possible re-cross examination as limited to new subject matter raised on re-direct, as the Sixth Circuit, in *United States v. Payne,* explained:

> An essential component of the confrontation clause is the accused's right to cross-examine the state's witnesses. However, the right to cross-examine is not absolute. A trial court retains discretion to limit the scope of cross-examination, based on concerns such as harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. Accordingly, we review restrictions on cross-examination for an abuse of discretion.  We apply the same abuse of discretion standard when reviewing limits on recross-examination. . . . We have permitted district courts to curtail or even to deny recross-examination if the government elicits no new matters on redirect examination.

437 F.3d 540, 547-48 (6th Cir. 2006) (internal quotations and citations omitted). The *Payne* panel also "suggested that foreclosing recross-examination after the government elicits one or more new issues on redirect would constitute a Sixth Amendment violation." *Id.* at 547 n.5 (emphasis omitted) (citing *United States v. Dandy,* 998 F.2d 1344, 1350 (6th Cir.1993) (rejecting a Sixth Amendment claim because the district court only limited questions that went beyond the scope of direct and redirect examination while giving defendant the opportunity to call these witnesses himself)).

It has been the court's experience thus far in the trial at bar that in introducing re-direct examination there has been consistent reference to points raised in cross examination. Proposed re-cross examination, however, has differed. It has been the court's impression that counsel proposing re-cross examination have, for the most part, simply sought additional details regarding answers to re-direct questions. This does not qualify as identifying "new subject matter" raised in re-direct.

Allowing unlimited additional questions on re-cross examination raises the likelihood of an undue waste of time and unnecessary repetitiveness, both of which are inconsistent with Rule 611's requirement that "[t]he court should exercise reasonable control."

Accordingly, any party suggesting a need to address questions in re-cross examination must be prepared to identify with specificity the purported "new subject matter" as to which re-cross examination is claimed to be due.  Counsel may not simply announce in the presence of the jury the substance of the proposed question(s).

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2015, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522