# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-12 VICTOR CARLOS CASTANO,

    Defendant.

Case No. 11-CR-20129
Case No. 11-CR-20066

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL DISCOVERY (Dkt. #2312, 2371)

Pending before the court are two motions filed by Defendant to compel discovery in preparation for sentencing. The court will deny both motions.

### I. OCTOBER 20, 2018 MOTION (Dkt. #2312)

In this motion, Defendant requests various documents and information related to government witness Anthony Clark. A theme runs through most of Defendant's presentations of recent date. He claims information is necessary to uncover and illustrate perjury promulgated by the Government through the testimony of (in this motion) Clark and appears to argue that the Government's failure to provide the requested evidence constitutes a conspiracy to frustrate his procurement of this evidence through the Freedom of Information Act. Defendant attempts to classify his motion under Federal Rule of Criminal Procedure 33 based on "newly discovered evidence of prosecutorial or witness miscount." (Dkt. #2412, PageID 32631.)

The events behind Defendant's request occurred over three years ago. Defendant does not explain what earlier efforts have been made nor why, if there were

none, he failed to seek this information prior to his trial or at least earlier in the sentencing process. The court is not persuaded that these events, which Defendant could have explored during cross-examination, constitute "newly discovered evidence." Rather, the motion appears to be a second attempt to procure information that is not available or simply does not exist. The court will deny the motion.

The court pauses to add an observation, which will be repeated in substance as may be appropriate in the sentencing hearing or in the disposition of Defendant's many other motions of recent origin: Defendant's pattern—exemplified here—is to identify real or perceived differences in the testimony of one witness from time to time, or to flyspeck distinctions in the testimony of two or more witnesses, and to pronounce the witnesses responsible for "perjury," *ipso facto.* The Government attorney conducting the questioning is forthwith deemed responsible for subornation of perjury, the most serious professional misconduct of which an attorney can be accused. Other forms of alleged professional misconduct abound, all—the court believes—springing from Defendant's overwrought and misguided interpretation of events.

There is no evidence advanced to allege Government counsels' knowledge or malicious intent; no indication that there is any room for mistake, misstatement, or reasonably-held belief in the legitimacy of the testimony being "sponsored" (as Defendant constantly phrases it). None of that, it seems, or precious little. No thoughtfulness of argument, no nuance; just a headlong rush to "subornation." The presentation is not persuasive.

## II.  DECEMBER 7, 2018 MOTION (Dkt. #2371)

In his second motion to compel, Defendant requests information related to various government witnesses as well as a matrix of the methamphetamine evidence attributable to Defendant.

Defendant does not clearly articulate the necessity for each group of information he requests. It appears that Defendant's first request, directed at information regarding "Longneck," relates to Defendant's allegations of governmental misconduct in his case. The court recalls a reference to a nickname similar to "Longneck" which emerged in jury selection.  Defendant has repeated similar allegations in many of his recent motions. The court is not persuaded that such general allegations warrant additional discovery nor that the information requested would be relevant for sentencing purposes.

Defendant's remaining requests are moot. Based on the Government's response, it appears that Defendant has already received the relevant information underpinning these requests. The court will deny Defendant's motion.

## III. CONCLUSION

Defendant has not articulated a compelling need for the court to authorize additional discovery in preparation for sentencing. Accordingly,

IT IS ORDERED that Defendant's motions to compel (Dkt. #2312; 2371) are DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  December 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2018, by electronic and/or ordinary mail.

                                                                               s/Lisa Wagner
                                                                               Case Manager and Deputy Clerk
                                                                               (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\11-20129.CASTANO.compel.discovery.HEB.RHC.2.docx