**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.
                                          Case No. 11-20129
                                                11-20066

VICTOR CARLOS CASTANO,

      Defendant.

**OPINION AND ORDER INTERPRETING JANUARY 17, 2020 LETTER AS A MOTION
TO STAY EXECUTION OF FINE PENDING APPEAL (ECF NO. 2503)
AND GRANTING MOTION**

On December 19, 2018, the court sentenced Defendant Victor Carlos Castano to

336 months imprisonment, and imposed a $5000 monetary fine. Defendant timely

appealed, and the appeal remains pending. Now before the court is a letter submitted

by Defendant Victor Carlos Castano in which he requests a "freeze" of the payments

due on his $5000 fine. (ECF No. 2503.)  Defendant contends that he thought he would

be making more money in prison, and hopes to do so in the near future.  He requests

that the court "freeze," or stay, collection on the fine until he can, hopefully, transfer to

another institution in another year.  There is, of course, no guarantee that transfer will

be granted to Defendant, nor that he will make more money upon transfer.

Nonetheless, it does not appear to the court that he is attempting to avoid his monetary

obligation, only to temporarily stay payments.

The Government does not seem to object to the substance of Defendant's

request, noting that Defendant has "made what appears to be a fairly reasonable

request." (ECF No. 2511, PageID.42279.)  However, the Government contends the court lacks jurisdiction to grant the request.  The Government asserts that "[t]he filing of the Notice of Appeal confers jurisdiction on the Court of Appeals and divests the District Court of its control over those aspects of the judgement involved in the appeal – namely the conviction and the sentence." (*Id.* at PageID.42280, citing *United States v. Carmen*, 933 F.3d 614 (6th Cir 2019).)  This may be true in a general sense, but there are exceptions to this rule. One such exception is the district court's ability to stay enforcement of its judgment an appeal.  While Defendant asked the court to "put a freeze on [his] fine for a year until [he] can get a transfer" (ECF No. 2503, PageID.42052), the court may construe his pro filing liberally and recharacterize it as a motion to stay pending appeal.  "Many pro se prisoners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief." *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002).  District courts may re-characterize motions, when necessary, in an effort to assist pro se litigants unaware of the applicable rules. "This practice developed both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." *Id.* (citing *United States v. Miller*, 197 F.3d 644, 646 (3d Cir.1999)).

Having interpreted Defendant's request as a motion to stay pending appeal, the court has jurisdiction over such motions. Indeed, Federal Rule of Appellate Procedure 8 provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."  Fed. R. App. P. 8(a)(1)(A). Rule 8 further provides that criminal motions to stay are governed by Federal Rule of Criminal Procedure 38. Fed. R. App. P. 8(c).  Under Federal Rule of Criminal Procedure 38, "[i]f

the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs. The court may stay the sentence on any terms considered appropriate" F.R.Cr.P. 38(c).The Supreme Court has stated "it has always been held, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 1754 (2009).

The court finds a stay to be appropriate under these circumstances. Defendant's financial situation has shifted since the court imposed its fine. Given the Government does not appear to have a substantive objection to staying enforcement of the fine, the court will give a temporary reprieve, pending appeal, to allow Defendant time to perhaps obtain a transfer or a higher paying position in his institution. Whether or not either of those events comes to fruition, the stay will expire on the resolution of his appeal. The court does not intend to stay execution indefinitely, but finds temporary relief to be warranted. Accordingly,

IT IS ORDERED that Defendant's January 17, 2020 letter is INTERPRETED as a motion to stay imposition of fine (ECF No. 2503) and is GRANTED.  Execution of Defendant's $5000 fine is STAYED pending resolution of his appeal.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2020, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Criminal\DD\11-20129.CASTANO.StayFine.docx